## THE NANUET.

### Petition of ERIE R. CO.
### No. 263.

Circuit Court of Appeals, Second Circuit.
Jan. 4, 1932.

Park, Lynch & Hagen, of New York City (Charles W. Hagen and Anthony V. Lynch, Jr., both of New York City, of counsel), for appellant.

Duncan & Mount, of New York City (H. W. Dieck, Jr., and Charles R. Millett, both of New York City, of counsel), for appellee Bush Terminal Company.

Alexander, Ash & Jones, of New York City (Edward Ash and Lawson R. Jones, both of New York City, of counsel), for appellee Frank L. Burns Coal Co.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

## PER CURIAM.

This is a consolidated cause involving three separate suits which arose out of a collision in the East River between the tug Nanuet, with its tow, and a coal barge and dump scow moored at the Adam street pier on the Brooklyn side just above the Manhattan Bridge. The owner of the coal barge and the owner of the dump scow filed separate libels against the Nanuet, in each of which the latter's owner impleaded the tug Eleanor Bush, owned by the appellee Bush Terminal Company, claiming that the Bush had crowded the Nanuet into the collision. A suit was also brought against Erie Railroad Company in a state court in New Jersey by the administratrix of Benjamin Dzialdowski, a deck hand on the Nanuet. Thereafter Erie Railroad Company filed its petition for limitation of liability, and the two libelants and the administratrix filed their claims therein. The libels and petition for limitation were tried together by consent, resulting in the interlocutory decree appealed from.

The District Court accepted McConnell's testimony as to the course of the Nanuet, and there is no conceivable reason why we should not do likewise. So her fault is clear. She cut across the bow of the Bush with such momentum that she could not control her heavy float when she got close to the pier ends. If the Bush violated the East River statute by not keeping to the center of the stream, this did not contribute to the accident, for when the vessels began to navigate with reference to each other there was nothing to impede a starboard passing. The only question as to the Bush is whether she must divide damages because of her fault in crossing signals and not immediately backing, even though her engines were stopped from the beginning. See The Quogue, 47 F.(2d) 873 (C. C. A. 2); Wm. A. Jamison v. The Fulton (C. C. A.) 54 F.(2d) 467, handed down December 7, 1931. But granting that this was a fault, it was not a contributing cause of the damage inflicted by the Nanuet. The latter's master admits that the bow of the Bush never got nearer to his tow than 250 feet. So far as we are aware, it has never been suggested that a vessel must prove that her fault could not have contributed to a collision between other boats, when she herself collides with neither. The Bush was rightly exonerated.

Relying upon Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, the District Judge of his own motion modified the restraining order so as to permit the administratrix to prosecute her suit in the state court. Whether such an order would have been proper had the claimant applied for it, we need not now consider; in the absence of an application by her, there was no warrant for the exercise of discretion to oust the court of its admitted jurisdiction.

In this respect the decree will be reversed; it will be modified so as to include the claim of the administratrix among those referred to the special commissioner; and, thus modified, the decree is affirmed.