## THE AGNES A. MORAN.
### No. 409.

Circuit Court of Appeals, Second Circuit.

July 13, 1944.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark, Charles E. Wythe, and William S. Stuhr, Jr., all of New York City, of counsel) for the tug Agnes A. Moran and petitioner Moran Towing & Transportation Co., appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel) for Mortimer B. Kelly, as owner of barge Ella M. Flannery, and Walter Lehr, assignee (Cargo), claimants-appellees-appellants.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for appellees Gloria O. Towing Corporation et al.

Mahar & Mason, of New York City (Frank C. Mason, of New York City, of counsel), for New York Marine Co., appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The decision of this case depends wholly upon the resolution of issues of fact which Judge Clancy disposed of in a careful opinion. The only question which has troubled us at all is whether the tug Gloria O. should not have been held liable, as well as the tug Agnes A. Moran, for damages resulting from the sinking of the barge Ella M. Flannery. This question as to the possible liability of the Gloria O. arises from the finding of the trial judge that "the first three barges which constituted the Gloria O. tow were all on the north side of the channel of the canal with the fourth and last boat possibly overlapping the center line but not to any considerable extent." It may be said at the outset, as we remarked in The Nanuet, 2 Cir., 55 F.2d 222, 223, that: "So far as we are aware, it has never been suggested that a vessel must prove that her fault could not have contributed to a collision between other boats, when she herself collides with neither." Moreover, the master of the Southern Cross, which had the Flannery in tow, testified that even if the barges in the Gloria O.'s tow had all been tied up against the northern wall of the canal, he could not have pulled the Flannery out of the sheer she had taken, caused by the suction of the propeller of the Agnes A. Moran. The stranding of the Flannery was at a point about 185 feet to the east of where the fourth barge in tow of the Gloria O. lay. LaFountaine, who was at the wheel of the Southern Cross, testified that the Southern Cross was not in a position where she could have gone further to starboard, since, if he had angled her more to starboard, her propeller would have hit the rocky wall on the port side of the channel. In short, there was reason to hold that the Southern Cross had not reached a point where she was embarrassed in her navigation by any slight overlapping of the center line of the canal by the last boat in tow of the Gloria O. and consequently that the Agnes A. Moran was solely at fault. Litigants should bear

in mind that an appeal in admiralty does not involve a reconsideration of findings of fact carefully determined by a trial court upon conflicting evidence. We see no reason for regarding the appeals in the present case as exceptions to the general rule.

Decrees affirmed.