HAWAIIAN GAS PRODUCTS, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99806.   Promulgated February 18, 1941.

*Heaton L. Wrenn, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

### OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1937 in the amount of $5,903.56, only a part of which is in controversy. The sole question in issue relates to the propriety of the action of the respondent in limiting to $2,000, under the provisions of section 117 (d) of the Revenue Act of 1936, a loss in the amount of $12,479.48 sustained by the petitioner during the year 1937 as a result of the condemnation by the Territory of Hawaii of certain real estate then owned by the petitioner.

The material facts have all been stipulated. They may be summarized as follows:

The petitioner is an Hawaiian corporation, with its principal place of business in Honolulu.

In 1933 the petitioner acquired certain real estate in the Territory of Hawaii that had an adjusted cost basis in its hands in 1937 of $44,979.48. On November 2, 1937, the Territory of Hawaii filed an action in the Circuit Court of the First Judicial Circuit of the Territory of Hawaii to condemn, among other parcels of land, the above-mentioned real estate belonging to the petitioner. To that action the petitioner filed an answer in which it put the Territory of Hawaii to its proof and alleged, among other matters, that the petitioner did not wish to sell the real estate in question, but that it recognized the power and capacity of the Territory to take it under the power of eminent domain. Judgment of condemnation was eventually entered in the action on December 1, 1937, decreeing the real estate condemned and ordering the payment of damages to petitioner in the amount of $32,500, that amount representing the value of the land as found by the court on the date of condemnation. This sum was paid by the Territory of Hawaii to petitioner herein during the year 1937. A loss of $12,479.48 resulted to the petitioner in the year 1937 from the taking of its real estate. The condemnation and taking of the real estate was done without the consent and contrary to the desires of the petitioner.

It is stipulated that, if the loss is found by the Board to be limited to $2,000, the Board may enter its decision determining a deficiency in the amount of $5,903.56 for 1937. If, on the other hand, the Board finds the loss to be an ordinary loss, deductible in full from gross income, the Board may enter a decision determining a deficiency in the amount of $2,412.04.

There is no question in this proceeding but that the petitioner in 1937 sustained a loss of $12,479.48 from the taking of the real estate in question under the power of eminent domain; or that the taking of such real estate was without the consent and contrary to the desires of the petitioner. The only question before us is whether the entire amount of the loss is deductible from gross income in the petitioner's tax return for 1937.

It is deductible from gross income in full unless the deduction is limited by section 117 of the Revenue Act of 1936. That section relates only to gains and losses from the "sale or exchange" of a capital asset. Subdivision (d) of the section provides, so far as material: "Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges."

In his deficiency notice the respondent advised the petitioner that "(a) Loss on condemnation of real estate by the Territory is held to be a capital loss, subject to the limitations of Section 117 (d) of the Revenue Act of 1936."

On January 6, 1941, the Supreme Court promulgated opinions in the cases of *Helvering* v. *Hammel*, 311 U. S. 504, and *Electro-Chemical Engraving Co.* v. *Commissioner*, 311 U. S. 513, holding in the first cited case that section 117 of the Revenue Act of 1934 applies to forced sales as well as voluntary sales, and in the latter case that a debtor's loss on mortgage foreclosure was a capital loss, subject to the $2,000 limitation in section 117 of the Revenue Act of 1934. Section 117 (d) of the Revenue Act of 1936 is the same as the corresponding section of the Revenue Act of 1934. The Board is of the opinion that there is no substantial difference between a loss sustained upon a foreclosure sale of mortgaged property and a loss sustained as the result of the condemnation and taking of property by the Territory of Hawaii. The opinions of the Supreme Court above cited rule the present case. The deduction of the loss is limited to $2,000.

*Decision will be entered for the respondent.*