HENRY A. KIESELBACH AND OLGA M. KIESELBACH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98897.   Promulgated April 24, 1941.

*Harry Friedman, Esq.,* and *Julien W. Newman, Esq.,* for the petitioners.

*Arthur W. Carnduff, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency in income tax for the calendar year 1936 in the amount of $17.08 and a deficiency in income tax for the calendar year 1937 in the amount of $2,809.82. There is no issue for decision by the Board in regard to the year 1936. The issues for decision are: (1) Whether the profit realized by the petitioner upon the taking by condemnation of a capital asset is taxable as a capital gain or as ordinary income; (2) if it is a capital gain,

whether a portion of the total amount received is taxable as interest; and (3) the period for which the property was held by the taxpayer within the meaning of section 117 (a) of the Revenue Act of 1936. The facts have been stipulated and the Board adopts the stipulated facts as its findings of fact.

Henry A. Kieselbach inherited a piece of property from his father on April 2, 1927. The city of New York, for the purpose of opening and extending certain streets, filed a proceeding in court late in 1930, asking for authority, *inter alia*, to condemn the building and improvements and a certain portion of the land owned by the petitioner. The court on that same day entered an order granting the application and providing that the compensation should be determined by the court. The taxpayer filed his formal claim for just compensation. The board of estimates and apportionment passed a resolution on December 16, 1932, providing, among other things, that the title in fee to the real property in question should become vested in the city on January 3, 1933. The city took possession on that date. The condemnation proceeding was tried between March 25, 1933, and February 19, 1935. The court entered its tentative decree on February 17, 1936, fixing tentative awards and assessments. The taxpayer, on March 10, 1936, filed objections to the tentative decree. Hearings were held on the objections during March and April of 1936. The amount of the assessment against the petitioner was reduced upon consideration of his objections. The court entered a final decree on March 31, 1937, providing that the amount awarded to the owners of the properties was the just compensation to which they were entitled. Both the city and the petitioner had a right to appeal from this final decree within 30 days. No appeal was taken. The amount awarded to the petitioner was $73,246.57 and that amount was paid to the petitioner on May 12, 1937. That total amount was computed by adding, to a principal amount of $58,000, interest thereon at 6 percent from January 3, 1933. The interest amounted to $15,246.57. No deposit or other security to cover just compensation was made or provided by the city at any time prior to final payment.

The petitioners filed their income tax returns on the basis of cash receipts and disbursements. The Commissioner, in determining the deficiency, held that the amount of $15,246.57 was interest and taxable as ordinary income, while the remainder of the award represented the amount received from the sale or exchange of a capital asset, and that 40 percent, or $4,756.78, of the excess of that amount over the basis for gain or loss on the property was taxable under section 117 (a).

The Commissioner has made the affirmative contention that the taking of the property by condemnation was not a sale or exchange

and he erred in treating any of the profit from the transaction as a capital gain. This contention is not only contrary to the general law on the subject of condemnation proceedings but is also contrary to the previous rulings of the Bureau. See Notice of Deficiency; I. T. 1378, C. B. I-2, p. 26; A. R. R. 4899, C. B. III-1, p. 56. The contention was made apparently as a hedge against the possibility that the Commissioner would not be sustained in the contentions which he was making before the Supreme Court in the *Hammel* and *Electro-Chemical Engraving Co.* cases. The Supreme Court sustained the Commissioner in those cases, *Helvering* v. *Hammel*, 311 U. S. 504; *Electro-Chemical Engraving Co.* v. *Commissioner*, 311 U. S. 513, and held that section 117 applies to forced sales as well as to voluntary sales, so that the loss of a mortgagor on foreclosure is a capital loss. The Board and the Second Circuit Court of Appeals have held that a condemnation proceeding is a sale or exchange within the meaning of section 117, and upon authority of those cases this point is decided for the petitioner. *Estate of Edgar S. Appleby*, 41 B. T. A. 18; *Seaside Improvement Co.* v. *Commissioner*, 105 Fed. (2d) 990; certiorari denied, 308 U. S. 618. Cf. *William Flaccus Oak Leather Co.* v. *Commissioner*, 114 Fed. (2d) 783, wherein the Court of Appeals for the Third Circuit, to which this case would go if appealed, refused to follow *Herder* v. *Helvering*, 106 Fed. (2d) 153, and held that the profits from a fire insurance policy upon a capital asset were received as a result of a sale or exchange and were taxable as capital gain.

The petitioner contends that the Commissioner erred in taxing any part of the award of just compensation as interest. This contention is sustained upon the authority of *Estate of Edgar S. Appleby, supra*, following *Seaside Improvement Co.* v. *Commissioner, supra*, reversing in part a case reported as *Jamieson Associates, Inc.*, 37 B. T. A. 92.

The petitioner next contends that the period for which it held the property, within the meaning of section 117 (a), was more than 10 years. He points out that he was on the basis of cash receipts and disbursements and the transaction was not closed for income tax purposes until he received the money on May 12, 1937, which was more than 10 years after the date of acquisition, April 2, 1927. He also argues that the title to the property remained in him until May 12, 1937, when the money was paid to him. The Board stated in *E. F. Blaise*, 42 B. T. A. 1232, that the word "held" in section 117 (a) is synonymous with "own" and the Board is bound by the state rule of property as to ownership. The petitioner cites *Garrison* v. *City of New York*, 88 U. S. 196, to show that under the rule of property in the State of New York the title did not pass until May 12, 1937. The

following quotation from the opinion in that case bears out this contention:

> * * * Any declaration in the statute that the title will vest at a particular time, must be construed in subordination to the constitution, which requires, except in cases of emergency admitting of no delay, the payment of the compensation, or provision for its payment, to precede the taking, or, at least, to be concurrent with it.

See also *Bauman* v. *Ross*, 167 U. S. 548, 598, where the Court stated that title to land being taken by condemnation remains in the owners as if no proceedings for condemnation had been had until just compensation has been paid. The respondent has not cited any cases to the contrary or made any argument to indicate that these cases do not correctly state the rule of law in New York. The property was held for more than 10 years.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

ARUNDELL, BLACK, and TYSON dissent on the authority of *Helvering* v. *William Flaccus Oak Leather Co.*, 313 U. S. 247.