*142 OPINION.

First Issue.

Leech:
Respondent contends that the taking of property by condemnation and the payment of just compensation therefor is not a sale or exchange within the meaning of section 117 (a) of the Revenue Act of 1936, and gain thus realized is accordingly taxable as ordinary income, and not as capital gain. This position is without merit. Commissioner v. Appleby Estate, 123 Fed. (2d) 700, affirming 41 B. T. A. 18; Seaside Improvement Co. v. Commissioner, 105 Fed. (2d) 990; certiorari denied, 308 U. S. 618; Henry A. Kieselbach, 44 B. T. A. 279; affirmed on this issue, 127 Fed. (2d) 359; Hawaiian Gas Products, Ltd., 43 B. T. A. 655. See also Helvering v. Hammel, 311 U. S. 504.

Second Issue.

At all events, respondent argues that the amount added to the condemnation award because of the lapse of time between the taking of the condemned property and payment therefor, designated as interest, is taxable as ordinary income and not as capital gain. The Second Circuit Court of Appeals in two cases, Seaside Improvement Co. v. Commissioner, supra, and Commissioner v. Appleby Estate, supra, and the Board in Henry A. Kieselbach, supra, and Hawaiian Gas Products, Ltd., supra, decided against that view. Despite the reversal *143 ■of the Kieselbach case on this point by the Third Circuit Court of Appeals in Commissioner v. Kieselbach, supra, we feel constrained to maintain our position. Respondent is therefore reversed. Commissioner v. Appleby Estate, supra; Seaside Improvement Co. v. Commissioner, supra; Hawaiian Gas Products, Ltd., supra.

Third Issue.

Petitioner urges that the cost basis of the improvements taken in the condemnation include his depreciated basis for structural additions made to the premises in 19Í9 after the acquisition of the property by the petitioner, and demolished subsequently to make way for the building on the property when condemned.
Granting that the petitioner would be entitled to prevail if any basis to him for these additions made to the building in 1919, which were demolished in 1930, was established by the record (see Commissioner v. Appleby Estate, supra; Seaside Improvement Co. v. Commissioner, supra; Helvering v. Hammel, supra), that premise of fact is wholly wanting here. The only witness called had never seen the building except cursorily in passing it occasionally and had never been inside of it. His “estimate” of the cost of the 1919 additions and their value, as well as all his other testimony, was based wholly upon records in an office in the municipal government in the city of New York.. Under any circumstances, this testimony, we think, is wholly insufficient to establish the basis required. Respondent is affirmed on this issue. Burnet v. Houston, 283 U. S. 223.

Fourth Issue.

In computing the gain realized by petitioner, respondent deducted from the value of the building on the premises when acquired on June 16, 1913, depreciation at the rate of 5 percent from that date to September 17, 1931, when it was demolished for the purpose of erecting the new garage thereon. Petitioner claims that the proper rate to have been used was 3 percent per annum. The only witness on this point was the witness called by the petitioner, whose testimony has just been discussed. We think the testimony of that witness was not sufficient to establish error in the rate used by the respondent. Respondent is therefore affirmed.

Decision will be entered u/nder Bule SO.