Russell G. Hunt, J.
In each of the above cases the application is to advance the claim for trial out of its regular order. The claims arise out of appropriations of property by the State and all are on the Albany calendar. The Attorney-General interposes no opposing affidavits and raises no objection.
Every litigant has a right to the trial of his case in the regular order and this is “a substantial right” (Davis v. Friedman, 196 App. Div. 926) of which he may not be deprived arbitrarily without violating the “due process” doctrine (Ringlander v. Star Co., 98 App. Div. 101, affd. 181 N. Y. 531). Within this framework, and inherent in courts, is the power of the court to control the order of its business —£ £ This power has been recognized as judicial in its nature, and as being a necessary appendage to a court organized to enforce rights and redress wrongs ”, and, it is not ministerial (Ringlander, supra, p. 104).
In the Sixth Annual Report of the N. Y. Judicial Council (1940, p. 285) it was recommended that the statutory provisions respecting preferences should be revised. This was done in 1940 and new section 140 of the Civil Practice Act was enacted and new rule 151 of the Rules of Civil Practice was adopted. In its comment on the proposed changes, the council stated that the intention was:
‘ ‘ To permit a cause to be advanced for trial out of its regular order only if the facts of the particular case show a necessity for such advancement, and to obviate the advancement of causes simply because they fall into a specified category and without regard to the need thereof, the rights of other litigants or the condition of the calendar of the particular court at the time.
“ The effect of the proposed rule is to obviate mandatory, term preferences and to leave the matter of preferences for trial largely within the discretion of the trial court, both as to the facts upon which the basis of a preference is granted, and as to the extent of the preference. This is in accordance with the principle that such discretion inheres in the courts which are best fitted to ascertain whether relative justice can be. accomplished under the circumstances of each case, by advancing a cause over older issues ”.
*358 The Court of Claims Act and its present rules are silent with respect to the granting of preferences in the trial of cases; therefore, the Rules of Civil Practice are applicable (Court of Claims Act, § 9; Civ. Prac. Act, § 140; Judiciary Law, § 83; Rules Civ. Prac., rule 151; Ehde v. State of New York, 260 App. Div. 511; Richards v. State of New York, 281 App. Div. 947).
Rule 151 provides for the trial of civil causes in the order in which filed; upon application to the court, however, trial preferences may be obtained in cases in which the State is a party, or, where a special act or rule provides therefor, or where the “ interests of justice will be served ”. In this court, all cases are against the State or an agency thereof (Glassman v. Glassman, 309 N. Y. 436; Easley v. New York State Thrmvay Auth., 1 N Y 2d 374), and, in the absence of a special act or provision, the only part applicable would be that contained in subdivision 3 of the rule, that is, for the granting of a preference in ‘ ‘ the interests of justice ”. The mere fact that a claim is interest bearing, in itself, is not sufficient, under the rule, for a preference. And, a noninterest bearing claim is not barred, because of that fact, from a preference. All cases in this court thus are on an equal footing, with the test for a preference being in each case whether “ the interests of justice ” would be served.
In the Ham case, Claim No. 34820, the facts relied upon to make the necessary showing are as follows: the property appropriated is located in Columbia County and was taken for the purposes of the Lake Taghkanic State Park; title vested in the State on December 27, 1956; the property constituted claimant’s home from which he was forced to vacate and to remove and store his household goods and furniture and take up living quarters in a rented room. All of his funds were invested in his home and he is financially unable to purchase another. When title to the property vested in the State, rights then became fixed (Matter of City of Syracuse, 224 N. Y. 201) and the owner then became entitled to compensation (Matter of Mayor etc. of the City of New York, 40 App. Div. 281), but, this, unfortunately, does not mean immediate payment of what is due him. It is true, that for the delay in payment he- will receive interest upon the amount involved, however, that is of little solace to one who has a present need, as is the case of this claimant.
It is a bitter pill to swalloAv for one to be forced out of his home and to lose its possession without the purchase money as the quid pro quo and by reason thereof to suffer, through no fault of his own, the humiliation and embarrassment of being *359 fina.nfiia.Hy unable to replace that which, was taken from him involuntarily; therefore, “with regard to what is right and equitable under the circumstances and the law ’ ’ (Langnes v. Green, 282 U. S. 531, 541), and, in the exercise of discretion, this application is granted and the claim is directed to be added to the current trial calendar.
If there are others whose physical well being and financial status have been as adversely affected as claimant’s they, too, may very well be granted relief in the form of an early trial upon a proper application therefor. Bach application for a preference should be left to the court’s discretion for determination in accordance with the rule that a court has the inherent power to control its own calendar.
In the Soclerston case, Claim No. 34814, it appears that the claimant, a widow of advanced years whose husband died on August 19, 1955, maintained her home in the Town of Canaan, Columbia County, until a contractor engaged in constructing the Berkshire section of the State Thruway entered upon her homestead, and, without the completion of the steps leading up to a formal appropriation, commenced the work of his contract upon her property and the same were rendered uninhabitable as a result thereof; the sewerage and drainage systems, shrubbery, landscaping, and other parts of the homestead were destroyed and the claimant was forced to remove and sell her furniture, and take up temporary living quarters in Pittsfield, Massachusetts. She has no funds and because of her advanced years she is unable to work and is dependent for her livelihood upon the compensation she is entitled to for the appropriation herein. The application is granted for the same reasons stated above in the Ham case and the claim is added to the current trial calendar.
In the Chasman case, Claim No. 34270, it appears that the claimants are engaged in the business of operating a roadside Summer boarding house and small motel at their residence on Route No. 9, at Schroon Lake, New York. The State, in the reconstruction of the highway, appropriated in 1956 a part of claimants’ land along the road. The appropriation caused the substantial suspension of claimants’ Summer business during 1957, destroyed the sewerage system and in part the water system, the main boarding house has been rendered unusable, the paved entrances into claimants’ property were destroyed and the parking area rendered unusable. It is also alleged that the compensation due them for the taking of their property represents the only available asset they have to restore their *360 residence, boarding house and motel in preparation to resume the conduct of their business in the Summer of 1958, and without it they will be unable to do the work of restoration and will be unable to resume business. The application is granted for the same reasons stated above in the Ham case and the claim is added to the current trial calendar.
In the cases of Arthur H. Hollenbeck, Claim No. 34815, Charles H. Hollenbeck, Claim No. 34816, Arthur Koweek, Claim No. 34817, F. Ethel Deutschbein, Claim No. 34818, Stanley G. Hollenbeck, Claim No. 34819, Earl L. Johnson, Claim No. 34821 and Enrico Gar della, Claim No. 34822, sufficient facts were not presented for the relief requested and the applications are denied, without prejudice to a renewal thereof upon a proper showing.
Submit orders.