Place Realty Corporation v. Commissioner.
Place Realty Corp. v. Commissioner
Docket No. 86507.
United States Tax Court
T.C. Memo 1962-144; 1962 Tax Ct. Memo LEXIS 164; 21 T.C.M. (CCH) 754; T.C.M. (RIA) 62144; June 15, 1962
*164 Held, gain realized from the condemnation of property was gain realized from "the sale or exchange" of property within the meaning of section 337(a), Internal Revenue Code of 1954. Held, further, the sale or exchange was complete when, under local law the condemner was vested with title and the right to immediate possession and since this occurred prior to petitioner's adoption of a plan of complete liquidation, the above statute did not operate to exclude said gain from petitioner's gross income. Isaac Weinberg, Esq., 160 Broadway, New York, N.Y., for the petitioner. Ronald S. Schacht, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's 1956 income tax in the sum of $3,883.41. The *165 sole issue is whether petitioner is entitled to exclude from gross income the gain received from the condemnation of its property under section 337 of the Internal Revenue Code of 1954. [1]
The case was submitted upon a complete stipulation of all of the facts which we find, as follows: The petitioner, Place Realty Corporation, was a corporation incorporated in the State of New York on May 28, 1943. Its stock in the year 1956 was owned one-half by David Platt and one-half by Nathan Weinberg on behalf of Weinberg & Weinberg. Petitioner filed its income tax return for the year 1956 with the district director of internal revenue, Lower Manhattan, New York. In 1943 the petitioner acquired a parcel of real estate located at 793 East 176th Street, Bronx, New York. This property was originally acquired by David Platt, who subsequently transferred the property to Stride Realty, Inc., which in turn transferred it to the petitioner in 1943. In connection with the construction of the Cross-Bronx Expressway, the abovementioned parcel of real estate was condemned *166 by the City of New York. On December 31, 1954, the Supreme Court of the State of New York issued an order vesting title to the property in the City of New York. In September, 1955 negotiations relating to the amount of the condemnation award commenced. On November 15, 1955 an award of $19,000 was agreed upon. On December 29, 1955 the petitioner adopted a plan of complete liquidation. A Form 966 dated January 20, 1956 was filed by the taxpayer. On February 24, 1956 the petitioner received payment for the condemned property in the amount of $19,826.27. This amount represented the principal of $19,000 plus interest from December 31, 1954 to January 30, 1956 in the amount of $826.27. This interest was reported by the petitioner in its income tax return for 1956. On March 6, 1956 the petitioner was liquidated. On that date David Platt and Nathan Weinberg on behalf of Weinberg & Weinberg each received $11,667.85 and each was assigned one-half interest of $1,212.50 in the purchase money mortgage on a parcel of property located at 292 St. James Place. The only assets retained by petitioner consisted of a nominal amount for the purpose of paying Federal income taxes. In the Schedule *167 D of the 1956 income tax return, "Schedule of Gains and Losses from Sales or Exchange of Property", the petitioner listed a long-term capital gain of $15,533.62 on the land and building located at 793 East 176th Street, computed as follows: Gross
Cost
Sales
Depre-
or Other
Expense
Price
ciation
Basis
of Sale
Gain
$19,000
$221.22
$2,696.29
$991.31
$15,533.62
The gain of $15,533.62 was not included in the petitioner's income but was shown as an adjustment in Schedule M, "Reconciliation of Taxable Income and Analysis of Earned Surplus and Undivided Profits." The sole issue involved in this case is whether the petitioner is entitled to exclude from its income the above-mentioned gain of $15,533.62 under the provisions of section 337. Section 337 provides, in part, that "[if] * * * a corporation adopts a plan of complete liquidation * * * and * * * within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property *168 within such 12-month period." The questions here are whether the condemnation of real property constitutes a "sale or exchange" (both parties argue it does) and, if it does, whether the sale or exchange occurred within the 12-month period beginning on December 29, 1955, the date upon which petitioner adopted the plan of dissolution. It is vital to petitioner's position that condemnation be considered a sale or exchange of property. The quoted statute does not operate to exclude gains, derived from an event or transaction other than a sale or exchange of property. Respondent agrees with petitioner that condemnation constitutes a sale or exchange within the meaning of the statute. We also agree that the sale or exchange includes a transfer accomplished by condemnation proceedings. Hawaiian Gas Products, Ltd., 43 B.T.A. 655, affirmed 126 F. 2d 4. The next step in petitioner's argument presents the question of when, or at what point in the condemnation proceedings, the sale or exchange took effect. Petitioner argues, as indeed it must, that the sale or exchange was not accomplished until the agreed condemnation award was paid in 1956 - after the adoption of *169 the plan for dissolution. We know that in the general law of sales of realty the sale is effected no later than the vesting of title and possession, or the right to immediate possession, in the purchaser. Condemnation was had in this case pursuant to the procedure set forth in the Administrative Code of The City of New York. Section B15-36.0 provides that upon entry of the order of court granting the condemnation, the title to the property vests in the city unless the Board of Estimate by a resolution adopted by a three-fourths vote, direct a later date for such vesting of title. The same section provides that upon the vesting of title the city "shall immediately or any time thereafter take possession of such property without suit or other judicial proceedings." The date of the vesting of title is the date as of which the fair market value of the property is subsequently determined, ( Irving Trust Co. v. Hughes, 264 N. Y. Supp. 737), and the date from which interest is payable on the award subsequently determined (Section B15-28.0) and those in possession at the time of said vesting shall at the option of the city become tenants at will of the city unless they vacate *170 the premises within 10 days (Section B15-37.0). Under the said code the order granting the application to condemn comes early in the condemnation proceedings and the statute directs that it shall be entered upon due proof of publication and posting of required notices and the filing of the petition praying for condemnation. Section B15-9.0. Thus, unless there is a three-fourths vote of the Board of Estimate directing otherwise, the title to the property is vested in the city almost at the outset of the condemnation proceedings. Here we have the stipulation that the title to petitioner's property was, by order of court, vested in the city on December 31, 1954, nearly a year before petitioner adopted its plan of dissolution. We are not told when the city took possession but under the applicable law it was entitled to take possession any time on and after December 31, 1954. We are of the opinion that if a condemnation proceeding is to be considered a sale or exchange, then the date of the vesting of title in the condemner, or, in this case, December 31, 1954, is the date when the sale or exchange was accomplished. Petitioner argues that the award was not fixed or agreed to at that *171 time and in a sale transaction there is no enforceable contract or sale until the purchase price is fixed or agreed to. One answer to the argument which would be sufficient in the present case is that it is stipulated the award was agreed to on November 15, 1955, which was still prior to the adoption of the plan of liquidation. But in any event petitioner's right to just compensation was unequivocally fixed on the date of the vesting of title. Ham v. State (Ct. Cl. of N. Y. 1957) 185 N.Y.S. 2d 940; In Re City of Syracuse, 224 N. Y. 201, 120 N.E. 203. The beginning date for the interest that was subsequently paid to petitioner on the award agreed to was December 31, 1954. The city was given the right to discontinue the condemnation proceedings up to but not after the vesting of title on December 31, 1954 (Section B15-35.0). In Section B15-28.0 it is provided that if the award is not paid within two months after final decree, the property owner can sue and recover the amount due with lawful interest and costs of such suit. We hold for respondent on the issue presented: that the gain petitioner realized upon the condemnation of its property was not from a sale *172 or exchange of its property within the 12-month period after its adoption of the plan to liquidate. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩