## LANGNES, OWNER OF THE DIESEL HALIBUT VESSEL "ALOHA," *v.* GREEN, CLAIMANT.

No. 38.   Argued January 7, 8, 1931.—Decided February 24, 1931.

*Mr. Robert E. Bronson,* with. whom *Messrs. Ira Bronson* and *H. B. Jones* were on the brief, for petitioner.

*Mr. Winter S. Martin,* with whom *Mr. Samuel B. Bassett* was on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Petitioner, as sole owner of the fishing vessel "Aloha," on February 24, 1928, brought a proceeding in the federal district court for the western district of Washington, praying a limitation of liability under R. S., §§ 4283, 4284, 4285 (U. S. C., Title 46, §§ 183, 184, 185), which are copied in the margin.* It was stipulated by the

---

*Sec. 4283. The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

Sec. 4284. Whenever any such embezzlement, loss, or destruction is suffered by several freighters or owners of goods, wares, merchandise, or any property whatever, on the same voyage, and the whole value of the vessel and her freight for the voyage, is not sufficient

parties that the vessel was of no greater value than the sum of $5,000. After setting forth that petitioner was the sole owner of the vessel and that the vessel was seaworthy in all respects, the petition alleged, among other things, that the respondent on October 11, 1927, had commenced an action in a superior court of the State of Washington against petitioner to recover damages in the sum of $25,000 for personal injuries suffered while employed upon said vessel. The petition for a limitation of liability was filed four months later while that action was pending, and, it is said and not denied, within two days before the date set for the trial in the state court. Following the filing of the petition the federal district court issued an order restraining further proceedings in the state court, and a monition to all claimants to present their claims within a time fixed. The respondent, in response to the monition, filed his claim in the amount of $25,000 for damages resulting from the personal injuries referred to above. No other claim was filed.

Thereupon, respondent moved to dissolve the restraining order upon the ground that the state court had jurisdiction of the cause; that there was only one possible

---

to make compensation to each of them, they shall receive compensation from the owner of the vessel, in proportion to their respective losses; and for that purpose the freighters and owners of the property, and the owner of the vessel, or any of them, may take the appropriate proceedings in any court, for the purpose of apportioning the sum for which the owner of the vessel may be liable among the parties entitled thereto.

Sec. 4285. It shall be deemed a sufficient compliance on the part of such owner with the requirements of this Title relating to his liability for any embezzlement, loss, or destruction of any property, goods, or merchandise, if he shall transfer his interest in such vessel and freight, for the benefit of such claimants, to a trustee, to be appointed by any court of competent jurisdiction, to act as such trustee for the person who may prove to be legally entitled thereto; from and after which transfer all claims and proceedings against the owner shall cease.

claimant and one owner; and that petitioner, therefore, might claim and obtain the advantage and benefit of the limitation of liability statute by proper pleading in the action pending in the state court. This motion the district court denied, and the cause in respect of respondent's claim was tried. Upon the hearing the district court determined that it should first inquire whether there was any liability, and if there was, then, whether it should be limited; and, at the conclusion of respondent's evidence without taking evidence on the part of petitioner, the court held that there was no liability and entered a decree accordingly. 32 F. (2d) 284. Respondent appealed to the circuit court of appeals; and that court reversed the decree and remanded the case to the district court with directions to dismiss it for want of jurisdiction. 35 F. (2d) 447.

In the court of appeals the decree was assailed upon the grounds (1) that, there being but one possible claim and one owner, the ship owner should have sought his remedy for a limitation of liability by proper pleading in the state court; and (2) that the record disclosed the privity and knowledge of the owner in respect of the matters and things by which the injury to respondent resulted. The court rejected the first contention upon the authority of *White* v. *Island Transportation Co.*, 233 U. S. 346; but sustained the second, holding that the pleadings and evidence disclosed that the injury complained of was occasioned with the privity and knowledge of the ship owner; and consequently the district court was without jurisdiction.

We are of opinion that the second contention, upon which the decree below was predicated, did not present a jurisdictional question. The district court had jurisdiction to pass upon the sufficiency of the pleadings and to decide the question upon the evidence; and a determination thereof either way, whether right or wrong, would

have been a determination by that court upon the merits. in the proper exercise of its jurisdiction. *Binderup* v. *Pathe Exchange*, 263 U. S. 291, and cases cited; *Moore* v. *N. Y. Cotton Exchange*, 270 U. S. 593, 608. In the *Binderup* case the rule was stated as follows (p. 305):

" Jurisdiction is the power to decide a justiciable controversy, and includes questions of law as well as of fact. A complaint setting forth a substantial claim under a federal statute presents a case within the jurisdiction of the court as a federal court; and this jurisdiction cannot be made to stand or fall upon the way the court may chance to decide an issue as to the legal sufficiency of the facts alleged any more than upon the way it may decide as to the legal sufficiency of the facts proven. Its decision either way upon either question is predicated upon the existence of jurisdiction, not upon the absence of it. Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous or, in other words, is plainly without color of merit. [Citing cases.] In that event the claim of federal right under the statute is a mere pretence and, in effect, is no claim at all."

But we deem it unnecessary to consider the second contention further, since the conclusion to which we have come rests upon the first contention, in respect of which, for reasons presently to be stated, we are of opinion both courts below were in error.

The preliminary objection is urged by petitioner, that, since the decision below upon this point was against respondent and he has not applied for certiorari, the point is not open here for consideration; but the objection is without merit, as a brief review of the decisions of this court will disclose.

In *Irvine* v. *The Hesper*, 122 U. S. 256, 266, the rule was announced without qualification that an appeal in admiralty from the district court to the circuit court

vacated the decree of the former and opened the case for a trial *de novo* in the latter court. At page 267 the court said:

" We do not think that the fact that the claimants did not appeal from the decree of the District Court alters the rule. When the libellants appealed, they did so in view of the rule, and took the risk of the result of a trial of the case *de novo*. The whole case was opened by their appeal, as much as it would have been if both parties had appealed, or if the appeal had been taken only by the claimants."

In *Reid* v. *Fargo*, 241 U. S. 544, 548, in an opinion by Mr. Chief Justice White, this conclusion was reaffirmed; and attention was called to the fact that a full and convincing review of the authorities on. the subject was contained in the opinion of the court of appeals for the second circuit in *Munson S. S. Line* v. *Miramar S. S. Co.*, 167 Fed. 960. In the more recent case of *Standard Oil Co.* v. *Southern Pacific Co.*, 268 U. S. 146, 155, the rule was again stated in these words:

" On appeal in admiralty, there is a trial *de novo*. The whole case was opened in the Circuit Court of Appeals by the appeal of the Southern Pacific Company as much as it would have been if the Director General had also appealed."

The question then arises: What is the scope of inquiry in this court when the case is brought up by certiorari from the circuit court of appeals? It has been decided that upon writ of error from an intermediate appellate tribunal we are not limited to a consideration of the points raised by the plaintiff, but " must enter the judgment, which should have been rendered by the court below on the record then before it." *Baker* v. *Warner*, 231 U. S. 588, 593. And in *Delk* v. *St. Louis & San Francisco R. Co.*, 220 U. S. 580, 588, following *Lutcher & Moore Lumber Co.* v. *Knight*, 217 U. S. 257, 267, it

was held that on certiorari, likewise, the entire record is before this court with power to review the action of the court of appeals and direct such disposition of the case as that court might have done upon the writ of error sued out for the review of the circuit (now district) court. In *Watts, Watts & Co.* v. *Unione Austriaca,* 248 U. S. 9, 21, it was said that, " This court, in the exercise of its appellate jurisdiction, has power not only to correct error in the judgment entered below, but to make such disposition of the case as justice may at this time require "; and " the rule is the more insistent, because, in admiralty, cases are tried *de novo* on appeal." See also *Dorchy* v. *Kansas,* 264 U. S. 286, 289.

The authorities relied upon by petitioner are not to the contrary. They contain no challenge to the rule laid down in the decisions cited immediately above, but proceed upon the theory that the court is not *bound* to consider objections to the decree urged by respondent, in the absence of cross petition for certiorari. In *Warner Co.* v. *Independent Pier Co.,* 278 U. S. 85, 91, where the authorities are collected, it is said:

" Objections to the decree below were offered by counsel for respondents in their briefs and arguments here. But no application for certiorari was made in their behalf and we confine our consideration to errors assigned by the petitioner."

In *Hubbard* v. *Tod,* 171 U. S. 474, 494, the court disposed of the matter by saying:

"And as respondents did not apply for certiorari, we shall confine our consideration of the case to the examination of errors assigned by petitioner."

In *Federal Trade Comm.* v. *Pacific Paper Assn.,* 273 U. S. 52, respondents, without presenting a cross petition for certiorari, sought a reversal of a distinct portion of the decree. This court, in declining to consider the matter, said (p. 66):

"A party who has not sought review by appeal or writ of error will not be heard in an appellate court to question the correctness of the decree of the lower court. This is so well settled that citation is not necessary. The respondents are not entitled as of right to have that part of the decree reviewed. [Citing cases.] And, assuming power, we are not moved by any persuasive consideration to examine the parts of the commission's order to which respondents object."

These decisions simply announce a rule of practice which generally has been followed; but none of them deny the *power* of the court to review objections urged by respondent, although he has not applied for certiorari, if the court deems there is good reason to do so. In the present case, however, it is not necessary to consider this rule of practice because the respondent offers no objection to the decree of the court of appeals. In that court he attacked the decree of the district court upon the two grounds above stated, and the circuit court of appeals sustained the attack but upon one of such grounds only. Respondent here defends that decree upon the ground upon which it was based, and, in addition, continues to urge the rejected ground, not to overthrow the decree, but to sustain it. His right to do so is beyond successful challenge, quite apart from the fact that this is a proceeding in admiralty, and is here from an intermediate appellate court. *United States* v. *American Ry. Exp. Co.*, 265 U. S. 425, where at page 435 it is said:

"It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not

dealt with below. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it. By the claims now in question, the American does not attack, in any respect, the decree entered below. It merely asserts additional grounds why the decree should be affirmed."

And, obviously, the right or duty of this court to consider these additional grounds will neither be affected by their rejection in the court below, nor be made to depend upon the effect finally given to them here.

We proceed, then, to inquire what disposition the court of appeals should have made of the case in respect of the point under consideration upon the record which was before that court. Section 24 (3) of the Judicial Code, U. S. C., Title 28, § 41 (3), confers upon the district courts of the United States admiralty and maritime jurisdiction, " saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it." The provisions of the statute in respect of limitation of liability confer upon the owner of a vessel in a variety of cases, including the present case, when loss is occasioned without the privity or knowledge of the owner, the right to limit his liability to the value of his interest in the vessel and her freight then pending. That the action brought in the state court was authorized by the first of the statutes referred to is plain. That the petition of the owner in the present case was properly brought, and that the federal court had jurisdiction to entertain it, whether there was a plurality of claims or only one, is equally clear. *White* v. *Island Transportation Co., supra,* p. 351. The situation, then, is that one statute gave respondent the right to a common law remedy, which he properly sought in the state court; and another statute

gave petitioner the right to seek a limitation of liability in the federal district court. Needless to say that if the case for a limitation of liability assumes such a form that only a federal court is competent to afford relief, the jurisdiction of that court is exclusive and must be exerted to dispose of the entire cause; and the action in the state court may not be further prosecuted.

Here the petition alleged that petitioner feared other claims, but no other claims were filed in response to the monition; the time therefor had expired and default had been noted; and nothing appears to suggest the possibility of any other claim. On the contrary, not only does a presumption fairly arise from the nature of the accident and all the surrounding circumstances that no other claim exists, but they are such as to reflect doubt upon the good faith of the allegation that petitioner was in fear of other claims; and the fact that petitioner delayed his proceeding for four months after the commencement of the state action and until two days before the date set for the trial is confirmatory of that view. In this situation, while there is some conflict among the decisions of the lower federal courts, this court has accepted the view that, "In a state court, when there is only one possible claimant and one owner, the advantage of this section [§ 4283] may be obtained by proper pleading. *The Lotta,* 150 Fed. 219, 222; *Delaware River Ferry Co.* v. *Amos,* 179 Fed. 756." *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255, 260. See also *Steamboat Co.* v. *Chase,* 16 Wall. 522, 532–533.

Upon the present record, the necessary result of this holding is that the state court, in the action there pending and in the due course of the exercise of its common law powers, was competent to entertain a claim of the ship owner for a limitation of liability and afford him appropriate relief under the statute dealing with that subject. Compare *Loughin* v. *McCaulley,* 186 Pa. 517. Notwith-

standing this, however, the ship owner was free to invoke the jurisdiction of the federal district court (*White* v. *Island Transportation Co., supra*); and, that having been done, the question which arose was not one of jurisdiction, but, as will later more fully appear, was whether as a matter of discretion that jurisdiction should be exercised to dispose of the cause.

The term " discretion " denotes the absence of a hard and fast rule. *The Styria* v. *Morgan,* 186 U. S. 1, 9. When invoked as a guide to judicial action it·means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.

In the case now under review the problem presented to the district court by the motion of respondent was quite simple. Upon the face of the record the state court, whose jurisdiction already had attached, was competent to afford relief to the petitioner. The difference in the effect of adopting one or the other of the two alternatives presented to the district court was obvious. To retain the cause would be to preserve the right of the ship owner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the cause to the state court would be to preserve the rights of both parties. The mere statement of these diverse results is sufficient to demonstrate the justice of the latter course; and we do not doubt that, in the exercise of a sound discretion, the district court, following that course, should have granted respondent's motion to dissolve the restraining order so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but (since it must be assumed that respondent's motion was not an idle gesture but was made with full

appreciation of the state court's entire lack of admiralty jurisdiction) the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court, or the case otherwise assume such form in that court as to bring it within the exclusive power of a court of admiralty. The failure to do this, in our opinion, constituted an abuse of discretion subject to the correcting power of the appellate court below and of this court.

In *The Lotta*, 150 Fed. 219, cited as authority for the rule laid down in the *Sandanger* case, Judge Brawley, a capable admiralty judge, dealt with the same question in the manner here suggested and delivered an opinion which seems to us entirely sound. In that case an action had been brought in a state court against the owner of the Lotta by an administrator to recover damages for the death of his son. The right to maintain such an action was conferred by state statute. Pending the prosecution of that action the owner of the Lotta filed a petition in the federal district court for a limitation of liability, and by an *ex parte* proceeding had the Lotta appraised, paid the appraised value into the registry of the court, and obtained an injunction restraining the prosecution of the action in the state court. After referring to the provision of law saving to suitors the right of a common law remedy, Judge Brawley said that the plaintiff had the right to pursue his remedy in the state court unless the act providing for a limitation of liability clearly deprived him of it; that where there was only a single claim there was no need for the adoption of the peculiar and exclusive jurisdiction of the admiralty court; and that an answer setting up the limitation of liability would give the ship owner the relief to which he was entitled. It appearing there, as it appears here, that only one claim had been presented, and that the time fixed by the monition had expired, the court said (p. 222–223):

" The owner of the vessel, therefore, can by answer in the state court set up as a defense that he is not liable beyond the value of the vessel, and that value may be determined as appropriately and as easily in that court as in this. In the ex parte proceedings here the vessel has been appraised by appraisers chosen by the petitioner, and, while there may be no reason to question the fairness and fullness of such appraisement, the plaintiff is entitled to be heard on that question, and in the usual course of the common-law proceeding that issue can be fairly tried.

\*    \*    \*    \*    \*

"All that the petitioner can fairly claim is that he should not be subject to a personal judgment for an indefinite amount and beyond the value of his interest in the Lotta and her freight. There is no reason to doubt that this proper defense may be availed of in the state court, and if there is an ulterior purpose, and petitioner's object in invoking the jurisdiction of this court is to escape a jury trial and take the case away from the common-law jurisdiction, that purpose should receive no countenance here; for the act which gives this court its admiralty and maritime jurisdiction saves to suitors in all cases the right of the common-law remedy where the common law is competent to give it, and good faith requires that this proviso shall have its full and fair effect."

Thereupon an order was entered dissolving the injunction against the prosecution of the action in the state court, but retaining the petition for a limitation of liability, for the reason, as the court said, that " if it should hereafter appear in the course of the proceedings in the state court that a question is raised as to the right of petitioner to a limited liability, this court has exclusive cognizance of such a question . . . and the decision upon the question of the injunction is predicated upon the assumption that that question is not involved in the suit in the state court, and that the only questions to be de-

cided there are, first, whether the defendant is liable at all, and, if so, as to the value of the vessel and her freight, which is the limit of defendant's liability." See also *Delaware River Ferry Co.* v. *Amos,* 179 Fed. 756.

Disposition of the matter, so as to allow the action to proceed in the state court, finds warrant in like principles which have been applied in other kinds of cases. Admiralty courts, for example, have complete jurisdiction over suits of a maritime nature between foreigners. Nevertheless " the question is one of discretion in every case, and the court will not take cognizance of the case if justice would be as well done by remitting the parties to their home forum." *The Maggie Hammond,* 9 Wall. 435, 457; *The Belgenland,* 114 U. S. 355, 368; *Charter Shipping Co.* v. *Bowring, Jones & Tidy,* 281 U. S. 515, 517. See also, generally, *Watts, Watts & Co.* v. *Unione Austriaca, supra;* and compare the opinion of the district court upon the point in the same case, 224 Fed. 188, 191. So, while the courts of this country have and may entertain jurisdiction of actions between nonresident foreigners for torts committed in a foreign country, they will exercise such jurisdiction in their discretion and only in special cases. *Dewitt* v. *Buchanan,* 54 Barb. 31, 34. And see also *National Telephone Mfg. Co.* v. *Du Bois,* 165 Mass. 117, 118; *Harris* v. *Pullman,* 84 Ill. 20, 27.

The decrees of both courts below must be reversed and the cause remanded to the district court for further proceedings in conformity with this opinion.

*Reversed.*