282

**THE STEAMTUG S & H NO. 7, Inc.**
**No. A–15732.**

District Court, E. D. New York.
Jan. 23, 1940.

Robert K. Story, Jr., of Brooklyn, N. Y., for Daisy Nunes.

Foley & Martin, of New York City, for petitioners.

MOSCOWITZ, District Judge.

This is a motion for an order dismissing the petition herein or, in the alternative, dissolving the restraining order made by Judge Inch on October 5, 1939, whereby the prosecution of a certain action pending in the New York Supreme Court, County of Kings, entitled Daisy Nunes, as administratrix of the goods, chattels and credits of Joseph Nunes, deceased, plaintiff, against Sound & Harbor Towing Corporation, and Howard S. Palmer, Henry B. Sawyer and James Lee Loomis, as Trustees of the New York, New Haven & Hartford Railroad Company, defendants, has been stayed and remanding this case to the State Court.

The petitioners are the owners and charterers of the steamtug S & H No. 7, and seek to limit the liability in connection with an accident which occurred on January 6, 1939, when said tug was shifting the scow Seaboard No. 49 to a position alongside of the New York, New Haven & Hartford Railroad Company carfloat No. 47 in the slip at Pier 2, North River. It is claimed that Joseph Nunes was killed as a result of the accident.

The State Court action was brought by Daisy Nunes as administratrix of the goods, chattels and credits of Joseph Nunes, deceased, to recover $100,000 damages claimed to be sustained by reason of the death of the said plaintiff's intestate.

Within a period of six months after the notice of claim against the petitioners was received, petitioners filed in this Court the petition for limitation of liability.

The right to limitation has been raised in this proceeding and therefore this Court has jurisdiction. See Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S. Ct. 602, 76 L.Ed. 1212.

The State Court action may proceed to trial. The order will be dissolved "so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but * * * the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court, or the case otherwise assume such form in that court as to bring it within the exclusive power of a court of admiralty." Langnes v. Green, supra [282 U.S. 531, 51 S.Ct. 247, 75 L.Ed. 520].

Settle order on notice.