**YEE YING CHING, Plaintiff,**

v.

**M/V MARATHA ENDEAVOUR, her engines, etc., and Chowgule Steamship (Bahamas), Ltd., etc., Defendants.**

**Civ. A. No. 6901–N.**

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 27, 1968.

Stuart V. Carter, Amato, Babalas, Breit, Cohen, Rutter & Friedman, Norfolk, Va., for plaintiff.

Bernard G. Barrow, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendants.

## MEMORANDUM OPINION

KELLAM, District Judge.

Defendant moves the Court to decline jurisdiction in the action for injuries sustained while plaintiff was aboard the M/V MARATHA ENDEAVOUR on the high seas of the Pacific Ocean. Defendant asserts plaintiff is a citizen of Hong Kong, has never resided, or been physically present in Virginia. He left the vessel at Cristobal, Panama in December 1967, and is now in New York. The vessel is owned by Chowgule Steamship, Ltd., registered in Nassau, and flys the British flag. The officers of the vessel are citizens of Great Britain and the crew Chinese nationals who signed aboard the vessel at Hong Kong in October, 1967. None of the officers or stockholders of the owner company of the vessel are citizens of the United States.

It appears the injuries complained of in this action required that plaintiff be removed from the vessel and flown to New York for treatment, prior to his proposed return to Hong Kong. He is still in the New York area receiving treatment. He is subject to the Jurisdiction of the Immigration and Naturalization Authorities in New York, and is here by sufferance, awaiting disposition of his claim.

The injury complained of occurred on December 11, 1967, and on January 25, 1968, plaintiff selected counsel to prosecute his claim for damages. On January 27, 1968 a general in personam suit was filed against the company. Service of Process in that suit was quashed, and

on July 22, 1968, the MARATHA ENVOY, a sister ship of the M/V MARATHA ENDEAVOUR, was attached while located in Norfolk.

This action is now set for trial on the merits for March 12, 1969.

It is contended that this Court should decline jurisdiction and leave plaintiff to his remedy of an action in Hong Kong, or Nassau, or England, or in any event, transfer it to New York for disposition. Plaintiff contends either of the courses of action would not be equitable or just; that all medical treatment has been had in the United States, that it may be subject to Statutes of Limitations unknown to them at this time, he will probably encounter problems of service of process, delay, etc.; that if the case is transferred to New York, with the backlog of cases, it will be at least four years before it can be heard. In addition, plaintiff's counsel has been verbally advised by the Naturalization and Immigration Authorities that if the case is transferred to New York, the plaintiff would not be permitted to remain in this country for trial.

Jurisdiction is conferred on the United States Courts "in all cases of Admiralty and Maritime jurisdiction," and the "existence of jurisdiction in all such cases is beyond dispute." Langnes v. Green, 282 U.S. 531, 544, 51 S.Ct. 243, 75 L.Ed. 520. The Belgenland, 114 U.S. 355, 365, 5 S. Ct. 860, 865, 29 L.Ed. 152. Generally from the "motives of convenience, or international comity," the Court will "use its discretion whether to exercise jurisdiction or not; and where the voyage is ended, or the seaman has been dismissed * * * it will entertain jurisdiction even against the protest of the consul." The Belgenland, supra [114 U.S. 363, 5 S.Ct. 864]. It seems to be a question of whether "it is expedient to exercise" jurisdiction, and while courts should exercise discretion in determining whether it will exercise jurisdiction of controversies between foreigners in cases arising beyond the territorial jurisdiction of the country to which the court belongs, "special grounds should appear to induce the court to deny its aid to a foreign suitor when it has jurisdiction of the ship or party charged." [114 U.S. 365, 5 S.Ct. 865]. The discretion to be exercised by the trial judge is subject to review as to whether he has exercised the discretion correctly. Where the parties are foreigners and the injury "takes place on the high seas, there seems to be no good reason why the party injured * * * should ever be denied justice in our courts". [114 U.S. 368, 5 S.Ct. 866]. The plaintiff, being a Chinese National, and the vessel owned by a British company, there is no home forum for the parties.

Gkiafis v. Steamship Yiosonas, 387 F. 2d 460, 462 (4th Cir. 1967), quoting from the opinion of Judge Parker in Heredia v. Davies, 12 F.2d 500, 501 (4th Cir. 1926), said that an admiralty court is inclined to retain jurisdiction of an action between foreigners "when it is necessary to prevent a failure of justice, or when the rights of the parties would be thereby best promoted". The action taken should be that which would "preserve the rights of both parties". Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520. Since the "question is one of discretion in every case, * * * the court will not take cognizance of the case if justice would be as well done by remitting the parties to their home forum". [282 U.S. 544, 51 S.Ct. 248]. As has been pointed out above, there is no home forum for this case.

In view of the fact the medical treatment of plaintiff has been in this country, plaintiff is now here and available to attend trial in person, the case can be heard quickly, at no undue hardship to defendant and no advantage would inure to defendant by requiring plaintiff to reinstitute the action in a distant jurisdiction, where present counsel could not appear for plaintiff, and where proof of liability might be difficult, the court should retain jurisdiction. Transferring the case to New York would do injustice to the plaintiff, without benefit to the defendant.

The motion is therefore denied.