**Bernell RAY and Armanda Ray,
Plaintiffs-Appellees,**

v.

**LYKES BROS. STEAMSHIP CO., INC.,
Defendant-Appellant.**

No. 86–3019.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1986.

---

**2.** *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Joseph W. McKearn, Robert L. Manard, III, New Orleans, La., for Bernell and Armanda Ray.

Before WISDOM, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Bernell Ray, a longshoreman employed by Ryan-Walsh Stevedoring Co., (Ryan-Walsh) sued Lykes Brothers Steamship Co., Inc., (Lykes) in state court under 33 U.S.C. § 905(b) to recover damages for injuries he sustained while working as a longshoreman aboard Lykes' vessel, the C/B BARGE LY–170. Lykes removed Ray's action to federal district court and simultaneously filed a limitation of liability proceeding pursuant to 46 U.S.C. §§ 181–195 (1958). Ray filed a claim in that proceeding. Ryan-Walsh also filed a claim in the limitation proceeding seeking to recover approximately $300,000 in benefits it paid to Ray under the Longshore and Harbor Workers' Compensation Act (LHWCA).[1] The district court issued the usual order in the limitation proceeding restraining the prosecution of suits outside that proceeding. Ray moved to lift the restraining order and to remand his action against Lykes to the state court on grounds that his claim and Ryan-Walsh's claim were not independent claims; Ray argued that because only a single claim was presented against the vessel owner in the limitation proceeding, the trial of this single claim need not be conducted in the limitation proceeding and he was entitled to try his case against Lykes to a state court jury.

The parties did not dispute the settled legal principle that the district court was entitled to lift the stay and remand Ray's action to state court if only one claim was presented against Lykes in the limitation proceeding. *Langnes v. Green*, 282 U.S.

William E. Wright, Terriberry, Carroll & Yancey, Jean Melancon, New Orleans, La., for Lykes Bros.

1. Ryan-Walsh's insurer, Employers National Insurance Company, joined with its insured in presenting this claim but for simplicity we will refer only to Ryan-Walsh as the claimant.

531, 51 S.Ct. 243, 75 L.Ed. 520 (1931); *Helena Marine Service, Inc. v. Sioux City,* 564 F.2d 15 (8th Cir.1977), *cert. denied,* 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1978). The question for decision in the district court narrowed, therefore, to whether Ryan-Walsh had stated a separate cause of action against Lykes under the so-called *Burnside* [2] doctrine that was independent of Ray's claim. The district court concluded that Ryan-Walsh could assert a claim only as Ray's subrogee and could not assert an independent claim under the *Burnside* doctrine: "*Burnside* has applicability in only a unique and singular situation: only where the compensation payments made are greater than limits imposed by law (or other similar factors) on a plaintiff's recovery would the independent cause of action established by *Burnside* be available to the employer...." The district court concluded that Ray's claim and Ryan-Walsh's claim, as subrogee of Ray, should be considered a single claim and remanded Ray's action against Lykes to state court for jury trial. 626 F.Supp. 120.

Unfortunately, the district court did not have the benefit of a recent opinion of this court that considered the scope of the stevedore's independent cause of action authorized by *Burnside.* In *Hartford Accident & Indemnity Co. v. Oceancarrier Shipholding of Belgium N.V.,* 799 F.2d 1093 (5th Cir.1986), the insurer of the stevedore sought reimbursement from the shipowner for LHWCA benefits paid to an injured longshoreman. The longshoreman did not file suit against the shipowner and benefits were not paid to the employee under an award. Consequently, the employer received no assignment of the longshoreman's 905(b) claim and was not authorized by the LHWCA to proceed against the shipowner as a subrogee of the employee. The question presented was whether the insurer could assert an independent cause of action against the shipowner under the *Burnside* doctrine. In answering this question in the affirmative, we noted that

the insurer of the stevedore-employer, if qualified under the statute to do so, may proceed as subrogee of the injured longshoreman and enforce a lien against the longshoreman's recovery. We held further that "the insurer may, however, proceed on an entirely different basis, asserting a stevedore's right of direct action against the shipowner on the basis of contractual subrogation to that right as the Supreme Court held in *Federal Marine Terminals v. Burnside.*" *Id.* at 1095.

■ Ryan-Walsh has elected to prosecute an independent claim against Lykes rather than proceed as a subrogee of Ray. Although certain disadvantages attach to this decision, *see id.* at 1096, *Hartford* makes it clear that it is an election Ryan-Walsh was entitled to make.

Ray asserts that it may be reasonable for a court to imply an independent *Burnside* cause of action in favor of the stevedore-employer when the stevedore's statutory cause of action as subrogee is inadequate for some reason to allow full recovery; Ray argues, however, that it makes no sense to imply such a cause of action in favor of Ryan-Walsh in this case because Ryan-Walsh's cause of action as Ray's subrogee is adequate to insure Ryan-Walsh's full recovery. Although we have serious doubt that a court should only imply a *Burnside* cause of action when it is necessary to insure the stevedore's full recovery, we disagree with Ray that Ryan-Walsh is assured a full recovery as Ray's subrogee even if Ray recovers a judgment. Ryan-Walsh has no guarantee that the jury will return a verdict for an amount that is sufficient to fully reimburse it for its payments to Ray. Ryan-Walsh has paid Ray approximately $300,000 to date and its claim may be substantially larger at the time of trial. A particularly parsimonious jury or one that resolves differences among its members by compromising on a

---

2. *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969).

modest award could return a verdict for an amount less than Ryan-Walsh's claim.

 In view of our conclusion that Ryan-Walsh's claim is separate and independent from Ray's claim, the district court must retain jurisdiction of and adjudicate both Ray's claim and Ryan-Walsh's claim in the limitation proceeding. *Langnes v. Green,* 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931). Accordingly, the order remanding Ray's action to state court is vacated and this case is remanded to the district court for further proceedings.[3]

VACATED and REMANDED.

---

**3.** We reject Ray's argument that Lykes is not aggrieved by the order appealed from and has no standing to present this appeal. Although the order appealed from does *permit* Ryan-Walsh to sue Lykes, the import of the order has much broader implications. It dissolved the injunction Lykes sought restraining the enforcement of suits outside the limitation proceeding. The order has the effect of requiring Lykes to defend Ray's action in state court outside the limitation proceeding. This will cause Lykes to suffer a direct, immediate, pecuniary and substantial loss. Lykes is therefore aggrieved and entitled to seek redress on appeal. See *Michigan v. Ohio Bldg. Corp.,* 117 F.2d 191 (7th Cir. 1941); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.06 (2d Ed.1985).