In the Matter of the Complaint of AD-VENTURENT, INC., a Delaware corporation, and Adventurent, Inc., d/b/a Club Nautico, as Owners of that Certain Model 216 Chris Craft Seahawk known as "HORIZON", for Exoneration from or Limitation of Liability,

and

Leisure Fun Corporation d/b/a Club Nautico of Marco Island, and Gerald D. Mannion, as Bareboat Charterers of That Certain Model 216 Chris Craft Seahawk known as "HORIZON", Intervening Plaintiffs.

No. 90–338–CIV–FTM–17(D).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 11, 1991.

William R. Scherer, Conrad, Scherer & James, Fort Lauderdale, Fla., for Adventurent, Inc.

Ronald Alfred Fitzgerald, Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for Leisure Fun Corp. and Gerald D. Mannion.

Fred A. Hazouri, Babbitt & Hazouri, West Palm Beach, Fla. and Ronald Alfred Fitzgerald, Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for David Skinner.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on claimant's motion to stay limitation proceeding and proceed with jury trial, filed June 24, 1991; claimant's memorandum of law in support, filed June 24, 1991; and petitioner's Memorandum of law in opposition, filed June 27, 1991.

FACTS

1. On April 10, 1990, claimant, DAVID SKINNER, was injured when he dove off that certain Model Chris Craft Seahawk known as "HORIZON" (hereinafter HORIZON), into a sand bar.

2. On November 20, 1990, petitioner, ADVENTURENT, INC., d/b/a CLUB NAUTICO, (hereinafter ADVENTURENT), filed complaint in United States District Court, Middle District of Florida, for exoneration from or limitation of liability pursuant to the Limitation of Liability Act found at 46 U.S.C.App. § 181, U.S.C., and Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims and the Federal Rules of Civil Procedure.

3. Petitioner deposited with this Court, as surety for the benefit of the claimants an ad interim stipulation for value, the amount of $14,500.00, representing the value of the vessel together with interest at 6% per annum from the date of the stipulation, that sum being not less than the amount of the statutory requirement of 46 U.S.C.App. § 183, *et seq.*, and is in excess

of the alternative value of $420.00 per gross ton times the gross tonnage of the vessel.

4. This Court approved petitioner's ad interim stipulation on January 25, 1991, and directed issuance of notice that all persons claiming damages by reason of the matter in issue on or before May 13, 1991, and restraining the prosecution of any and all lawsuits until the hearing and determination of this action.

5. On March 15, 1991, LEISURE FUN CORPORATION d/b/a CLUB NAUTICO OF MARCO ISLAND and GERALD D. MANNION (hereinafter LEISURE FUN) filed, pursuant to Rule 24(a)(2) and (b), motion to intervene in this limitation proceeding under 46 U.S.C.App. § 186. On April 5, 1991, ADVENTURENT and LEISURE FUN filed an intervening complaint, with ad interim stipulation, for exoneration from or limitation of liability.

6. On April 24, 1991, claimant, DAVID SKINNER, filed an answer and claim for maritime tort pursuant to 28 U.S.C. § 1333, and the General Maritime Law of the United States. Count I of said claim alleges unseaworthiness of the HORIZON. Count II alleges negligence on behalf of ADVENTURENT and LEISURE FUN and Count III alleges a violation of 46 U.S.C.App. § 688, the Jones Act.

7. On April 24, claimant, DAVID SKINNER, filed the first motion to stay limitation proceeding and proceed with jury trial on the grounds that said claimant is a single claimant who had previously filed a suit in the Fifteenth Judicial Circuit of the State of Florida, County of Palm Beach, Civil Action Number CL 91–546(G). Said claimant, further filed memorandum of law in support of said motion to stay limitation proceeding and proceed with this state court jury trial.

8. On May 1, 1991, petitioners, ADVENTURENT and LEISURE FUN, filed their motion for issuance of order approving intervenor's stipulation and directing issuance of notice and restraining lawsuits. This Court issued such order on May 30, 1991, which order provided that all claims, with respect to which the intervening complaint seeks limitation, file their respective claims with the clerk of the court on or before July 30, 1991.

9. On June 18, 1991, the Court, sua sponte, ordered that petitioners, ADVENTURENT and LEISURE FUN, had up to and including June 24, 1991, to show cause why the motion to stay limitation and proceed with jury trial should not be granted.

10. On June 24, 1991, petitioners, ADVENTURENT and LEISURE FUN, filed a motion for relief from the order to show cause and for extension of time to file a memorandum in opposition. The requested relief granted was until June 28, 1991.

11. On June 24, 1991, petitioner, ADVENTURENT, filed its reply to the motion to stay.

12. On June 24, 1991, claimant, DAVID SKINNER, re-filed his answer to intervening complaint and claim for maritime tort pursuant to 28 U.S.C. § 1333, and the General Maritime Law of the United States. Count I of said claim alleges unseaworthiness of the HORIZON. Count II alleges negligence on behalf of ADVENTURENT and LEISURE FUN, and Count III alleges a violation of 46 U.S.C.App. § 688, the Jones Act.

DISCUSSION

A plaintiff loses his right to chose the action's forum when a petitioner brings an action in federal court to limit liability pursuant to the Limitation of Liability Act, 46 U.S.C.App. § 181, *et seq. Complaint of Sheen*, 709 F.Supp. 1123, 1126 n. 2 (S.D.Fla.1989). The Limitation of Liability Act falls within the exclusive admiralty jurisdiction of the federal court. *Id.* Issues pertaining to this Act must be answered in accordance with principles of established law, with the first question being whether the ship or its owners are liable at all. *Providence and N.Y. SS. Co. v. Hill Manufacturing Co.*, 109 U.S. 578, 595, 3 S.Ct. 379, 390, 27 L.Ed. 1038 (1883). Only after the issue of liability has been determined, may the issue of the extent of liability be determined. *Id.* It follows that the extent of liability must be decided by the federal district Court having jurisdiction, and, in

order for its finding to be conclusive, that Court must exercise complete control over the case, "to the exclusion of other courts and jurisdictions". *Id.*

■ However, as established in *Langnes v. Green,* 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931) and *Ex parte Green,* 286 U.S. 437, 438–40, 52 S.Ct. 602, 603, 76 L.Ed. 1212 (1932), there is an exception to the exclusive jurisdiction of this Court: when a lone claimant files an action seeking a recovery in excess of the limitation fund and the claimant concedes to the exclusive admiralty jurisdiction to determine any and all issues pertaining to limited liability. *In re Complaint of Dammers and Vanderheide,* 836 F.2d 750, 755 (2d Cir.1988).

**1. *DAVID SKINNER is a lone claimant***

■ Petitioners, ADVENTURENT and LEISURE FUN, contend in their memorandum of law in opposition to claimant's motion to stay limitation proceeding and proceed with jury trial that claimant's position as a sole claimant is premature due to this Court's issuance of Notice to claimants on June 17, 1991, which provided for a period until and through July 30, 1991, for additional claims to be filed. This Court now recognizes that no other claims have been filed with the clerk and confers upon DAVID SKINNER, lone claimant status.

**2. *Claimant's concession to federal jurisdiction over limited liability issues***

Petitioners, ADVENTURENT and LEISURE FUN, further contend in their memorandum of law in opposition to claimant's motion to stay that the condition precedent to proceed in state court has not been met in that claimant does not concede that the value of the vessel is accepted as the limit of owner's liability. Petitioners base their argument on the language found within *Ex parte Green,*

> It is clear from our opinion that the state court has no jurisdiction to determine that question of the owner's right to a limited liability, and that, if the value of the vessel be not accepted as the limit of the owner's liability, the Federal Court is authorized to presume jurisdiction and dispose of the whole case.

Indeed the *Green* court further stated that "the question of the owner's right to limited liability having been raised, the cause became cognizable only in admiralty".

■ However, there is an established exception to this exclusive admiralty jurisdiction when there is a sole claimant seeking an amount in excess of the limitation fund. *Complaint of Dammers and Vanderheide,* 836 F.2d 750, 755 n. 2 (2d Cir.1989). The first condition that must be satisfied prior to this Court granting the motion to stay, so as to allow the claim to proceed in state court, is that claimant concede to this Court's exclusive admiralty jurisdiction to determine the limit of liability if the petitioners, ADVENTURENT and LEISURE FUN, are found to be liable. The lone claimant must seek an amount in excess of the limitation fund, not concede to liability limited by that fund. The Court is satisfied that the condition precedent has been fulfilled.

This Court interprets point two of claimant's memorandum of law in support of claimant's motion, which states that "[t]his Court should submit the basic issues, i.e., liability and damages to the jury in state court and if the jury finds that the amount of damages exceed the limitation fund then the question of limitation should be heard by this Court without a jury", as a concession to this Court's exclusive admiralty jurisdiction to determine all issues pertaining to limited liability. Claimant has ten (10) days to file an objection to this interpretation of point two of his memorandum of law in support. Accordingly, it is

ORDERED that the motion to stay limitation proceeding and proceed with jury trial is *granted,* unless claimant files his objection and negates the finding that the condition precedent is satisfied, and the case be *administratively closed* pending resolution at state court level.

DONE and ORDERED.