LYONS, Justice
(dissenting).
Section 25 — 5—11(a), Ala.Code 1975, provides, in pertinent part:
“For purposes of this amendatory act, the employer shall be entitled to subro-gation for medical and vocational benefits expended by the employer on behalf of the employee; however, if a judgment in an action brought pursuant to this section is uncollectible in part, the employer’s entitlement to subrogation for such medical and vocational benefits shall be in proportion to the ratio the amount of the judgment collected bears to the total amount of the judgment.”
(Emphasis added.)
While I voted with the majority in Ex parte BE & K Construction Co., 728 So.2d 621 (Ala.1998), I have to say that we rather glibly glossed over the fact that the Legislature in § 25-5-11(a) used the word “expended,” a verb plainly in the past tense, en route to our conclusion that the employer was entitled to a lien against proceeds of a third-party tortfeasor’s settlement on future payments.
We there stated as follows:
‘We can draw no inference from the statutory language or from the presumed purpose of the statute that would indicate that the Legislature, by using the word ‘expended,’ intended to allow the employer subrogation as to those expenses it had already paid, but not as to those amounts it is legally required to ‘expend’ in the future.”
728 So.2d at 623.
Perhaps the combined allure of doing the “big equity,” thereby avoiding a windfall double recovery for the employee, and support from Professor Larson’s treatise on workers’ compensation[6] emboldened us to put aside the principles of strict statutory construction to which we normally adhere. See, e.g., Orkin Exterminating Co. v. Larkin, 857 So.2d 97 (Ala.2003) (recognizing that where the language of a statute is unambiguous, the clearly expressed intent of the Legislature must be given effect, leaving no room for judicial construction).
Section 25-5-11(a) contains language dealing with an employee’s recovery of damages for disability that precedes the provision therein for subrogation of medical benefits. In that context, the Legislature created a mechanism not only allowing reimbursement for sums previously paid, but also relieving the employer from the obligation to pay disability benefits due in the future. This relief was achieved by suspending the employer’s obligation to pay for a period sufficient to recognize the amount recovered by the employee from a third party.[7] Consequently, the Legisla *931 ture, when dealing with compensation for an employee’s disability, provided for a credit on future obligations in the very same section that includes the provision for subrogation of medical benefits “expended” by the employer. That it did not do so in the portion of § 25-5-ll(a) dealing with subrogation of medical benefits is telling. See Ivey v. State, 821 So.2d 937, 945 (Ala.2001), in which this Court pointed to a statute drawn to deal with a specific issue as indicative of the Legislature’s capacity to deal expressly with the subject. See also Swift v. Gregory, 786 So.2d 1097, 1101 (Ala.2000) (“they [certain statutes] show that the Legislature was quite capable of creating an eligibility for retirement that functioned regardless of the age of the applicant”), and McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299, 1300 (Ala.1991) (pointing to a statute as evidence that “the legislature was fully capable of creating exceptions to the employee-at-will doctrine if it so desired”).
Our construction in BE & K Construction Co. of “expended” as that word is used in § 25-5-ll(a) to include payments to be expended in the future simply rewrites plain statutory language. In so doing, it diminishes the rights of the employee. Even if the language were ambiguous, we would be required to construe the Workers’ Compensation Act liberally to effect its beneficent purposes and to resolve all reasonable doubts in favor of claimants. See Cumbie v. L & A Contracting Co., 739 So.2d 1099 (Ala.1999).
Amici curiae filed briefs urging us to apply § 25-5-77(a), Ala.Code 1975, to justify the result reached in BE & K Construction Co. that the Workers’ Compensation Act requires subrogation as to future as well as past medical expenses. The effect of § 25-5-77(a) was also addressed by the parties at oral argument.
However, a close review of the record before us reflects that the question whether § 25-5-77(a) could serve as a basis for reversal of the trial court is not before us. Williams’s injury gave rise to two proceedings: one for workers’ compensation benefits, another for damages from third-party tortfeasors. Those cases were not consolidated in the trial court. Skilstaff filed notices of appeal in both cases. The petition before us eventuates from the Court of Civil Appeals’ having reversed the trial court’s denial of Skilstaff s application for intervention in Williams’s claim against third-party tortfeasors. The Court of Civil Appeals dismissed Skilstaffs appeal from the workers’ compensation case, and Skil-staff has not sought review of that dismissal. The sole reference in the record to § 25-5-77(a) appears in an answer filed in Williams’s workers’ compensation case. In its brief to the Court of Civil Appeals, Skilstaff cites § 25-5-77, but it makes no argument concerning it. See Rule 28(a)(10), Ala. R.App. P. Skilstaff relies entirely on § 25-5-11 in stating its conclusion in its brief to the Court of Civil Appeals that the judgment of the trial court is due to be reversed. In its principal brief before this. Court, Skilstaff does not refer to § 25-5-77(a) at all.
At the bottom of our inquiry when we are asked ultimately to reverse a trial *932 court’s judgment is the simple proposition — did the trial court err in the disposition of the issues before it? If the trial court did not err, then it follows that this Court should not reverse. That an appellate opinion may have limited scope as precedent because of a potentially distinguishing factor from other cases arising from the narrow scope of the specific issues preserved for review by the parties to this appeal should not affect our judgment as to the appropriate result to be reached in this case. Consequently, the arguments advanced by amici curiae concerning § 25-5-77(a), while stimulating, are not before us. See Ex parte Ryals, 773 So.2d 1011, 1013 (Ala.2000) (“ ‘[T]he trial court cannot be reversed on any ground or argument not presented [to the trial court].’ ”), and Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (“ ‘[T]his Court will not reverse the trial court’s judgment on a ground raised for the first time on appeal.’ ”). While this proceeding is before us on a petition for a writ of certiorari, we sit, as did the Court of Civil Appeals, in reviewing the question whether the trial court erred and, in that context, the burden on Skilstaff to show error on the part of the trial court remains unaltered. See Langnes v. Green, 282 U.S. 531, 537, 51 S.Ct. 243, 75 L.Ed. 520 (1931) (“On certio-rari, ... the entire record is before this court with power to review the action of the Court of Appeals and direct such disposition of the case as that court might have done upon the writ of error sued out for the review of the (now District) Court.”).
On further consideration, I am persuaded that our construction of § 25-5-ll(a) in BE & K Construction Co. in the context of the issues before us impermissibly invaded the province of the Legislature and, therefore, violates Art. Ill, § 43 of the Constitution of Alabama 1901.[8] Williams has asked us to overrule BE&K Construction Co. Because I would do so, I must respectfully dissent. My views on the effect of § 25-5-77(a) as a basis for the affirmance of the trial court’s judgment must await another day.
HOUSTON, JOHNSTONE, and WOODALL, JJ., concur.

. In BE & K Construction Co., we stated:
"Further, Professor Larson, in his treatise on workers' compensation, reasons that 'if the statute does not take pains to deal explicitly with the problem of future benefits, but merely credits the carrier for compensation paid ... the correct holding is still that the excess of the third-party recovery over past compensation actually paid stands as a credit against future liability of the carrier.' A. Larson, Workmen's Compensation Law, § 74-31(e), p. 14 — 471 (1989 & Supp. 1990).”
728 So.2d at 623-24.

. § 25-5-11(a) provides, in pertinent part:
*931 “If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then the employer shall be entitled to reimbursement for the amount of compensation theretofore paid, and the employer’s obligation to pay further compensation for permanent total disability shall be suspended for the number of weeks which equals the quotient of the total damage recovery, less the amount of any reimbursement for compensation already paid, divided by the amount of the weekly benefit for permanent total disability which the employee was receiving or to which the employee was entitled.”

. Art. Ill, § 43, Ala. Const. of 1901, provides:
"In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."
(Emphasis added.)