**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000440
31-MAY-2023
07:52 AM
Dkt. 93 SO**

NOS. CAAP-19-0000440 and CAAP-19-0000793
(Consolidated under CAAP-19-0000440)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


**CAAP-19-0000440**
THE ESTATE OF EDWARD G. ARAKI,
also known as EDWARD GORO ARAKI, Deceased.

and

**CAAP-19-0000793**
THE ESTATE OF EDWARD G. ARAKI,
also known as EDWARD GORO ARAKI, Deceased.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1LP181000167)


**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Respondents-Appellants **Estelle** Mayumi Araki and **Derik** Koichi Araki appeal from three orders and a judgment entered by the Circuit Court of the First Circuit,[1] sitting in probate (**Probate Court**).[2]  For the reasons explained below, we vacate and remand for further proceedings.

**Edward** G. Araki died on December 31, 2016.  He was married to Respondent-Appellee **Michiyo** Araki.  Michiyo had two

---

[1]     The Honorable R. Mark Browning presided.

[2]     See Hawaii Revised Statutes (**HRS**) § 603-21.6 (2016).

daughters from a prior marriage — Petitioner-Appellee **Beth** Anne Matsukawa and Respondent-Appellee **Dawn** Marie Bacon — whom Edward treated as his own children.  Estelle and Derik are Edward's children from a prior marriage.  Estelle and Derik had no contact with Edward after their parents' divorce, when they were approximately two and five years of age, respectively.[3]

Edward had a **Will,** dated September 23, 2016.[4]  On March 19, 2018, Beth initiated a proceeding by filing an application for informal probate of the Will and appointment of personal representative.  Estelle and Derik filed an objection.  They challenged Edward's testamentary capacity and alleged undue influence by Beth and Dawn.

On May 9, 2018, Beth filed a petition for formal probate of the Will and appointment of personal representative.  Michiyo and Dawn each filed joinders in Beth's petition.  Estelle and Derik filed an objection.  They again challenged Edward's testamentary capacity and alleged undue influence by Beth and Dawn.  Beth filed a response.  Dawn filed a response.  Estelle and Derik filed two supplemental memoranda.  The Probate Court did not enter an order of assignment under Rule 20(a) of the Hawaiʻi Probate Rules (**HPR**).

The petition was heard on April 11, 2019.  On May 17, 2019, the Probate Court entered the **"Order Granting Petition** for Probate of Will and Appointment of Personal Representative[.]"  The Will was admitted to probate and Beth was appointed personal representative of Edward's estate.  The **"Judgment** Pursuant to Order Granting Petition for Probate of Will and Appointment of Personal Representative" was also entered on May 17, 2019.  Estelle and Derik filed a notice of appeal on June 16, 2019, creating CAAP-19-0000440.  On August 5, 2019, the Probate Court entered its "Findings of Fact, Conclusions of Law, and **Decision**

---

[3]     The reason for this is disputed.

[4]     A certified copy of the "Last Will and Testament of Edward G. Araki" is included in the record.

**and Order Granting Petition** for Probate of Will and Appointment of Personal Representative, Filed May 9, 2018."

Meanwhile, on May 28, 2019, Estelle and Derik filed a motion to alter the Order Granting Petition and the Judgment. The motion sought, among other things, an order of assignment to the civil trials calendar. They filed an amended and restated petition on their motion on June 13, 2019. Beth and Dawn filed an objection. The motion was heard on September 5, 2019. On October 11, 2019, the Probate Court entered its order granting in part and denying in part the amended and restated petition (**Order on Reconsideration**). The court ordered that the real property located in ʻAiea could be conveyed to Dawn, but may not be sold until the final disposition of the pending appeal. The motion was otherwise denied. Estelle and Derik filed a notice of appeal on November 8, 2019, creating CAAP-19-0000793. We consolidated the appeals.

Estelle and Derik raise a number of points on appeal, but one is dispositive. They argue that the Probate Court erred by failing to follow the procedure prescribed by HPR Rule 20. HPR Rule 20 provides, in relevant part:

> **DISPOSITION OF CONTESTED MATTERS.**
>
> **(a) Assignment.** The court by written order may retain a contested matter on the regular probate calendar or may assign the contested matter to the civil trials calendar of the circuit court.[5]
>
> . . . .
>
> **(c) Effect of Assignment to Civil Trials Calendar.** The Hawaiʻi Rules of Civil Procedure and the Rules of the Circuit Courts will apply to all contested matters assigned to the civil trials calendar. However, no right to jury trial shall be created by assignment to the civil trials calendar where such a right does not exist in the underlying proceeding. Unless otherwise ordered by the court, when a matter is assigned to the civil trials calendar, then for all procedural purposes, the party objecting to the petition shall be considered the plaintiff, the objection is to be

---

[5] The commentary to HPR Rule 20(a) states: "By requiring a written order of assignment, which would ideally be a preprinted form, a clear record is created, and the court then has the opportunity to decide what procedures will be used if the contested matter is retained. (See Rule (d) below.)"

> treated as a complaint, and the complaint shall be deemed to have been filed on the date of the assignment to the civil trials calendar.
>
> **(d) Procedures in Retained Contested Matters.**
> Whenever the court retains jurisdiction of a contested matter as a probate proceeding, the court in the order of assignment may, at the request of the parties, designate and order that any one or more of the Hawaiʻi Rules of Civil Procedure and/or the Rules of the Circuit Courts shall be applicable in such matter.

"A contested matter is any one in which an objection has been filed." HPR Rule 19. Beth's application for formal probate was a contested matter. The Probate Court did not enter a written order of retention or assignment under HPR Rule 20(a). Dawn argues that the Probate Court wasn't required to enter a written order of retention or assignment, citing In re Est. of Kam, 110 Hawaiʻi 8, 129 P.3d 511 (2006). Kam stands for the proposition that the probate court has discretion whether to retain a contested matter or assign it to the civil trials calendar. Id. at 24, 129 P.3d at 527. The supreme court did not reach the issue of whether a written order was required under HPR Rule 20(a).

The latter issue was addressed in In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 465 P.3d 903 (2020), which was issued after the appeals were taken in this case. The supreme court held that

> when a case is contested the probate court ***must, through a written order***, either assign the case to the circuit court or retain it. HPR Rule 20(a). . . . [I]f the probate court retains the case, the probate court "in the order of assignment may, at the request of the parties, designate and order that any one or more of the Hawaiʻi Rules of Civil Procedure and/or the Rules of the Circuit Courts shall be applicable in such matter." HPR Rule 20(d). Although the probate court is not obligated to adopt any and all rules that the parties request, it must exercise its discretion to do so "with regard to what is right and equitable under the circumstances and the law." Booker v. Midpac Lumber Co., 65 Haw. 166, 172, 649 P.2d 376, 380 (1982) (quoting Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520 (1931)).

Id. at 468–69, 465 P.3d at 915–16 (emphasis added) (footnotes omitted).

Dawn argues that Estelle and Derik waived their argument because they didn't raise the issue before the April 11, 2019 hearing on Beth's petition for formal probate. Their objection to Beth's petition, however, requested "that discovery be allowed so that . . . Estelle Araki and Derik Araki can obtain further information as to the facts and circumstances as to Edward Araki's physical and medical condition and his state of mind and the circumstances surrounding the execution of his Will[.]" The Probate Court would have had to address that request in a written order of retention or assignment. In re Tr. Agreement Dated June 6, 1974, 145 Hawaiʻi 300, 308, 452 P.3d 297, 311 (2019). "After the designation of assignment, if the party wishes to conduct discovery, it must request that discovery be taken." Id. (citing HPR Rule 20(d)); cf. In re Elaine Emma Short, 147 Hawaiʻi at 469, 465 P.3d at 916 (noting that because probate court "did not issue an order retaining the case in contravention of HPR Rule 20(a) . . . , the parties were not provided an opportunity under HPR Rule 20(d) to request that the probate court adopt HRCP Rule 52 and render findings of fact at the time an order of retention should have been issued"). In addition, Estelle and Derik's supplemental memorandum in support of their objection to Beth's petition stated:

> we respectfully request that the Court grant Respondents' request to assign this case/probate as an adversarial proceeding in order to allow Respondents an opportunity to conduct discovery and obtain additional information including, but not limited to, Edward Araki's medical records that would likely reveal the extent and effect of Edward Araki's pain medications and possibly Mr. Araki's state of mind and to obtain further medical evaluation from Dr. Marvit.

For the foregoing reasons, we vacate the Probate Court's: Order Granting Petition and Judgment, both entered on May 17, 2019; Decision and Order Granting Petition, entered on August 5, 2019; and Order Denying Reconsideration, entered on October 11, 2019; and remand for further proceedings. On remand, the Probate Court should enter a written order pursuant to HPR

Rule 20.  We express no opinion about whether the Probate Court abused its discretion by its de facto retention of Beth's petition.

DATED:  Honolulu, Hawaiʻi, May 31, 2023.

On the briefs:

Peter J. Lenhart,
for Respondents-Appellants
Estelle Mayumi Araki and
Derik Koichi Araki.

Emily H. Kawashima,
for Respondent-Appellee
Dawn Marie Bacon.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge