Argued January 4, reversed and remanded March 23, 1966

# COOPER *v.* ALLISON ET UX

412 P. 2d 356

*Glenn D. Ramirez,* Klamath Falls, argued the cause and filed briefs for appellant.

*Walter H. Evans, Jr.,* Portland, argued the cause for respondents. With him on the brief were John L. Quinlan, New York, New York, and Donald A. Dole, Roseburg.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

DENECKE, J.

The defendants own and operate a charter fishing vessel which is docked in Winchester Bay and takes sport fishermen out into the Pacific Ocean. The plaintiff passenger was injured when he fell attempting to reboard the vessel. The trial court dismissed the case. Plaintiff appeals.

The proceeding produced some knotty procedural problems.

The defendants in their answer filed an affirmative defense "by way of exoneration from or limitation of liability." 46 USC § 181 et seq. They alleged that any injury to the plaintiff was without their privity or knowledge and that if plaintiff was entitled to recover, his recovery should be limited to the value of the vessel, $6,500. They further alleged that the defendants were entitled to have their right to limitation tried in admiralty. Defendants prayed that if the plaintiff denies defendants' right to limitation, the action in state court be stayed to permit defendants to petition the United States District Court to limit their liability. They further prayed that the trial court enter an order exonerating or limiting "in accordance with the orders and decree of said United States District Court" and "thereafter, if there be need therefor, this cause proceed as an action at law, subject to such limitations and restrictions as may be imposed by said United States District Court sitting in admiralty."

Plaintiff filed a reply denying defendants' affirmative allegations and affirmatively denying defendants' right to limitation because the negligence which injured plaintiff was with the privity and knowledge of defendants.

Trial was had without a jury on "the affirmative defense raised by defendants of limitation." The trial court concluded there was no evidence of negligence and that any loss or damage was incurred without the privity or knowledge of the defendants.

■ The statutes of the United States permit shipowners, under certain conditions, to limit their liability to the value of the vessel. 46 USC § 181 et seq. The

usual procedure, authorized by statute and the Federal Admiralty Rules, is for the shipowner to petition the United States District Court, sitting in admiralty, to determine this issue of the right to limitation. The United States District Courts have jurisdiction of such petitions under 46 USC §§ 183, 185. However, another statute, which is the general grant of admiralty jurisdiction to the United States District Courts, concludes by providing: "* * * saving to suitors in all cases all other remedies to which they are otherwise entitled." This latter portion enables an injured party to bring a common-law action for damages in a state court against a shipowner.

As the United States Supreme Court stated, "The situation, then, is that one statute gave respondent the right to a common-law remedy, which he properly sought in the state court; and another statute gave petitioner the right to seek a limitation of liability in the federal district court." *Langnes v. Green,* 282 US 531, 539-540, 51 S Ct 243, 75 L ed 520 (1931).

The conundrum is to give effect to both of these statutes.

■ "In a state court, when there is only one possible claimant and one owner [we can assume these are the facts in the present case although there are two owners], the advantage of this section [limitation] may be obtained by proper pleading." *Carlisle Packing Co. v. Sandanger,* 259 US 255, 260, 42 S Ct 475, 66 L ed 927 (1922). Whether or not the owner pleads limitation in the state court proceeding, he may file a petition for limitation to the United States District Court. *Larsen v. Northland Transp. Co.,* 292 US 20, 54 S Ct 584, 78 L ed 1097 (1934). If limitation is not put in issue in the state court and the plaintiff obtains a judgment, the owner may then petition the

federal court for limitation of liability. *Larsen v. Northland Transp. Co.,* supra.

■ If the defense of limitation is raised in the state court and also by the owner's petition in federal court, the procedure has now been settled by decisions. If in the state court the plaintiff either admits the right of the owner to limitation, or, if he will not make such an admission, admits that the issue of limitation is properly to be tried in the federal court, the federal court will not stay the state court damage action. If the injured party will not so admit in the state court, the federal court will stay the state court action and hear the limitation proceeding. *Langnes v. Green,* supra (282 US 531); *Ex parte Green,* 286 US 437, 52 S Ct 602, 76 L ed 1212 (1932); *Petition of Red Star Barge Line,* 160 F2d 436 (2d Cir 1947); *Petition of Spearin, Preston & Burrows,* 190 F2d 684 (2d Cir 1951).

This procedure permits the plaintiff to maintain the usual common-law action with a jury trying the issues of liability and damages. The amount of damages is subject to the limitation created by federal statute and the application of such limitation, if put in issue by the plaintiff, is tried by the federal court sitting in admiralty, which is the court given such jurisdiction by statute.

■ The difficulty in the instant case is that plaintiff consistently challenged the defendant owners' right to limitation. However, the owners never petitioned the federal court to determine their right to limitation.

■ We conclude that a state court does not have the jurisdiction to hear and decide the issue of the *right* to limit liability. Here, the defendants requested the trial court to hear such issue and the plaintiff did not object. (Plaintiff did object to the particular manner

in which the matter was tried.) Nevertheless, we believe this is truly a matter of "jurisdiction" and cannot be stipulated or conceded.

That the advantages of the limitation statute can be obtained in a state court proceeding if properly pleaded is not contrary to our conclusion. As previously stated, the advantage of the limitation statute can only be obtained in a state court proceeding if the plaintiff concedes either that the owner is entitled to limitation or that the federal court is the exclusive forum to hear the issue of limitation, if it is put in issue in the state court.

It is somewhat analogous to bankruptcy. A defendant in a state court proceeding can plead a discharge in bankruptcy as a defense; this defense is created by the Federal Bankruptcy Act. While the discharge is a defense in a state court proceeding, only the federal court has jurisdiction to grant a discharge.

Art III, § 2, of the United States Constitution, provides: "The judicial Power [of the federal courts] shall extend to all * * * Cases of admiralty and maritime Jurisdiction; * * *." 28 USC § 1333 implements this provision and provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction * * *."

■ *Langnes v. Green,* supra (282 US 531), and *Ex parte Green,* supra (286 US 437), settled the exclusive jurisdiction of the federal admiralty courts to hear the issue of limitation.

In the former case the plaintiff filed a personal injury action in the state court and subsequently the defendant owner filed a petition to limit liability in the federal court. The federal court thereupon restrained any further proceedings in the state court.

The Supreme Court reversed this restraining order upon the ground that if the case were permitted to proceed in the state court, the plaintiff would be given his common-law remedy and the shipowner could still have the right of limitation. The court said:

> "* * * [T]he district court * * * should have granted respondent's motion to dissolve the restraining order so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but (since it must be assumed that respondent's motion was not an idle gesture but *was made with full appreciation of the state court's entire lack of admiralty jurisdiction*) the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court, or the case otherwise assume such form in that court as to bring it within the exclusive power of a court of admiralty. * * *" (Emphasis added.) *Langnes v. Green,* supra (282 US at 541-542).

The Court further commented on this point by quoting with approval from *The Lotta,* 150 F 219 (D SC 1907):

> "'* * * [I]f it should hereafter appear in the course of the proceedings in the state court that a question is raised as to the right of petitioner to a limited liability, *this court [federal district court] has exclusive cognizance of such a question * * *.'*" (Emphasis added.) 282 US at 543.

After the decision in *Langnes v. Green,* supra, the "unlikely event" occurred. After the cause was remitted to the state court, the plaintiff denied the right of the defendant owner to limit his liability by challenging the seaworthiness of the vessel and the owner's privity or knowledge. The owner filed a proceeding in the United States Supreme Court asking leave to file

a petition for mandamus to direct the district court to enjoin the state court proceeding. Leave was denied; however, the only reason was that the district court had already ordered that the state court proceedings be enjoined unless the plaintiff withdraw from the state court proceedings the issue as to the owner's right to limit liability. The Supreme Court said:

"It is clear from our opinion [Langnes v. Green, supra] that *the state court has no jurisdiction to determine the question of the owner's right to a limited liability,* and that, if the value of the vessel be not accepted as the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case.

"* * * The matter was properly brought before the federal District Court, and that court held that, *the question of the owner's right to limited liability having been raised, the cause became cognizable only in admiralty,* and that its further prosecution in the state court should be enjoined. In this the District Court was right * * *." (Emphasis added.) *Ex parte Green,* supra (286 US at 439-440).

We hold that the trial court had no jurisdiction to try the issues raised by the defense of limitation. The cause is remanded for the trial of the issues raised by the pleadings and pertinent to the common-law remedy for seeking recovery for an alleged maritime tort.

Reversed and remanded.