**Louis FAMIANO, Plaintiff-Appellant,**

v.

**Gerald ENYEART, also known as Gerry Enyeart, and Charles Enyeart, Defendants-Appellees.**

**No. 16592.**

United States Court of Appeals
Seventh Circuit.

July 30, 1968.

Rehearing Denied Aug. 29, 1968.

Anthony W. Rosinia, Chicago, Ill., Benjamin Piser, Dempsey A. Cox, South Bend, Ind., Levisohn, Taring, Arrigo & Rosinia, Chicago, Ill., Piser & Cox, South Bend, Ind., for plaintiff-appellant Louis Famiano.

Arthur A. May, George N. Beamer, Jr., Crumpacker, May, Levy & Searer, South Bend, Ind., for defendants-appellees.

Before SCHNACKENBERG, SWYGERT and CUMMINGS, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Louis Famiano, plaintiff, has appealed from the district court's order dismissing for want of prosecution this diversity action, brought to recover damages for personal injuries claimed to have been suffered when he fell from water skis, while being towed behind a motor boat then being operated on Lake Michigan by Charles Enyeart, defendant. The motor boat was owned by his father, Gerald Enyeart, another defendant. The court's order was entered pursuant to Rule 41(b), Federal Rules of Civil Procedure, when on the day fixed for trial, plaintiff refused to proceed with trial by jury.

Plaintiff filed his complaint at law alleging negligence on the part of both defendants, and requested trial by jury. Defendant Gerald Enyeart filed a joint answer with defendant Charles Enyeart and then moved for summary judgment. That motion was denied. Thereafter, plaintiff filed an amended complaint at law which requested trial by jury. Defendants filed separate answers which denied negligence and pleaded affirmative defenses. The answer of defendant Gerald Enyeart, also raised the admiralty defense of limitation of liability.[1] Plaintiff's motion to strike this defense was denied by the court, which then listed the defense as a contested issue of law in its pretrial order. A date for trial by jury was set. Plaintiff argued in his pretrial brief that he was entitled

1. Provided by 46 U.S.C. § 183.

to jury trial as to both defendants under the "saving to suitors" clause, 28 U.S.C. § 1333. Thereafter, plaintiff moved that all issues be tried by the court in admiralty. The court's ruling on this motion was on the scheduled first day of trial, at which time the motion was denied. Plaintiff requested an appeal which was denied, and upon his refusal to proceed to trial, the court granted defendant's motion to dismiss.

The error relied upon in this appeal is that the district court denied plaintiff the right to full relief in admiralty by declining to hear all issues in admiralty other than the limitation of liability defense. Counsel for plaintiff contends that the admiralty defense drew his entire action at law into admiralty. He asserts that he was the one to determine whether full relief from admiralty was desired and had the right to insist upon the exercise of such jurisdiction. Further, he contends the court's ruling was appealable as a final order, an interlocutory order modifying or dissolving an injunction [28 U.S.C. § 1292(a) (1)], or as an order involving a controlling question of law [28 U.S.C. § 1292(b)].

Defendant's counsel asserts that plaintiff's request for trial by jury cannot be waived over objection and that when the admiralty defense is raised, as here, the question of liability is tried to a jury and questions relative to the defense are reserved to the court.

The issues raised are whether the admiralty defense asserted by defendant Gerald Enyeart, excludes plaintiff's right to trial by jury, and whether that ruling may be appealed as (1) a final decision denying admiralty jurisdiction, (2) an interlocutory order modifying or dissolving an injunction, or (3) as permitted by the court under 28 U.S.C. § 1292(b), an order involving a controlling question of law. However, the question as to an appeal involving a controlling question of law has been waived by plaintiff's failure to comply with 28 U.S.C. § 1292(b), pertaining to interlocutory appeals.

1. The statute which provides the admiralty defense, 46 U.S.C. § 183, reads in part as follows:

(a) The liability of the owner of any vessel, * * * for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, * * * exceed the amount or value of the interest of such owner in such vessel, * * *.

The determination of this limitation must be made by the district court according to principles of admiralty, whether raised by separate petition or by answer to a complaint for damages. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931) and Ex Parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L. Ed. 1212 (1932). In both *Langnes* and *Green*, Green had sought his remedy in a state court for damages alleged to have been incurred when he was injured while employed on Langnes' boat. Langnes petitioned the district court for limitation of liability. The district court enjoined further proceedings in the state court and, though it soon appeared that Green was the sole claimant, the court disallowed his motion to dissolve the injunction. Holding that this ruling was an abuse of judicial discretion, the Supreme Court remanded the cause to the district court for it to permit further proceedings in the state court while reserving its jurisdiction of exclusively admiralty issues. Thereafter, in the state court, the admiralty issue was contested resulting in the return of the case to the Supreme Court. In *Green* at 438–440, 52 S.Ct. at 603, the Court said:

"We held [in Langnes v. Green, supra] that the action was properly brought in the state court under § 24 (3) of the Judicial Code, U.S.C., Title 28, § 41(3), which saves to suitors in all cases of admiralty 'the right of a common-law remedy where the common law is competent to give it,' and that the petition for a limitation of liability also was properly brought in

the federal District Court. \* \* \* we said that a case was presented for the exercise of the sound discretion of the District Court whether to dissolve the restraining order and permit the state court to proceed, or to retain complete jurisdiction; and, upon consideration of the matter, we held that such discretion should have been exercised so as to permit the state court to proceed.

"But we also said \* \* \* that the right of petitioner to a limited liability might be brought into question in the state court, or the case otherwise assumed such form in that court as to bring it within the exclusive power of a court of admiralty.

\* \* \* \* \* \*

"It is clear from our opinion that the state court has no jurisdiction to determine the question of the owner's right to a limited liability, and that if the value of the vessel be not accepted as the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case."

Thus, when in the exercise of its diversity powers a district court has jurisdiction of a common law cause of action for trial by jury in which the limit of liability is contested according to admiralty law, the rights of the parties may be determined by the jury except for the right to the defense in admiralty which must be determined by the court in admiralty. This is limited as the court states in *Langnes,* supra, at 540, 51 S.Ct. at 246:

"Needless to say that if the case for a limitation of liability assumes such a form that only a federal court is competent to afford relief, the jurisdiction of that court is exclusive and must be exerted to dispose of the entire cause; and the action in the state court may not be further prosecuted."

In the case at bar, the limitation was raised by defendant's answer so that it was necessary for the court, having jurisdiction in admiralty and in common law actions in diversity, to rule in terms of the "saving to suitors" clause, 28 U. S.C. § 1333.[2] This it did. In view of the principles announced in *Langnes* and *Green,* we hold that ruling was correct.

Plaintiff's action was in diversity for trial by a common-law jury except for defendant's defense limiting liability. The court had taken jurisdiction of that question on plaintiff's motion to strike, and, denying that motion, held the question as a contested issue of law. Therefore, the case had not assumed such form as to exclude the right to trial by jury. If the merits of the defense were contested, according to its pretrial order the court, upon hearing the evidence, had exclusive jurisdiction to determine the question.

Contrary to plaintiff's contention that he was the one to determine whether full relief from admiralty was desired, the right to exercise jurisdiction is a determination reserved to the court's discretion.

Both parties were entitled to a jury trial on all issues except the admiralty defense—which, were the court to grant plaintiff's apparent waiver of a jury by his motion to have all issues heard in admiralty, would deny the defendants the right to trial by jury contrary to Rule 38(d), Federal Rules of Civil Procedure. Thus, the ruling of the court, giving expression to the "saving to suitors" clause, was fair, just and equitable to all litigants.

2. With respect to the court's denial of an appeal by plaintiff from "a final order denying admiralty jurisdiction", or as an interlocutory appeal permitted by 28 U.S.C. § 1292(a) (1) as being in substance the "equivalent to the modification or dissolution of an injunction",

---

**2.** The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

\* \* \* \* \*

we have examined each of the grounds advanced and find each without merit.

For the reasons set forth above, the order of the district court dismissing plaintiff's action for want of prosecution is affirmed.

Affirmed.