OPINION
 

 ROSEN, United States Magistrate Judge.
 

 I.
 
 INTRODUCTION
 

 Presently before the court is the motion
 
 [1]
 
 of Claimant/Respondent Celeste Smith, for relief from the order of this court staying the claimant’s state court action pursuant to the Limitation of Liability Act, 46 U.S.C.App. § 181,
 
 et seq.
 
 (“the Act”). After having considered the submissions of the parties, the claimant’s motion for relief from the federal stay of her state action shall be
 
 granted.
 

 
 *551
 
 II.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 

 This action arises from the alleged injury of Claimant Smith on May 2, 1.998 upon the vessel Club Med, owned and operated by Petitioner Michael Snyder. Claimant Smith alleges that, while boarding the vessel, berthed in the City of Atlantic City, she stepped into an open engine hatch and injured her left ankle.
 
 (See
 
 Affidavit of Celeste Smith, attached as Exhibit A to the Affidavit of Michael J. Mackler, Esquire, submitted in support of Claimant’s Motion for Relief from Stay) (hereinafter “Mackler Aff., Ex. A”). Petitioner Michael Snyder denies all of the claimant’s allegations. Specifically, the petitioner contests that the claimant’s injury “was due to any fault on his part” and asserts “that the alleged accident occurred without his privity or knowledge.” (Petitioner’s Brief at 1; Complaint for Exoneration From or Limitation of Liability, If 7 (hereinafter “Complaint”)).
 

 On approximately August 11, 1999, the claimant filed an action against the petitioner based on her alleged injury in the Superior Court of New Jersey, Atlantic County, Docket Number ATL-L-2776-99. (Complaint, Iflf 6, 13). As is the petitioner’s right under the Limitation of Liability Act, 46 U.S.C.App. § 181,
 
 et seq.,
 
 on September 30, 1999, the petitioner filed a complaint in this court claiming exoneration' from and limitation of liability for any alleged injuries related to those of the claimant’s and seeking a restraining order and issuance of a monition from this court. In addition, the petitioner filed an affidavit valuing the vessel at $80,000 and submitted a bond in that amount, in accordance with P’ed.R.Civ-P. Supplemental Rule F(l). On October 1, 1999, this court issued the monition pursuant to 46 U.S.CApp § 185 and Fed.R.Civ.P. Supp. R. F(3), enjoining “the commencement or continuation of prosecution of any and all suits, actions or proceedings” against the petitioner arising from the claimant’s alleged incident. The monition further required any interested parties to file a claim in the federal court on or before November 15, 1999. On November 10, 1999, Claimant Celeste Smith submitted a claim in accordance with the monition. No other claimant has submitted a claim in this court related to the Smith incident. The within motion for relief from the stay of the state court proceedings ensued.
 

 Claimant Smith seeks relief from the state court suit injunction contending that this case merits the court’s abstention under the “savings to suitors” clause of 28 U.S.C. § 1333, which preserves common law rights in certain maritime actions. The claimant has offered the following stipulations designed to protect the petitioner’s rights following trial in the state court:
 

 1. Claimant, Celeste Smith, hereby concedes that petitioner, Michael Snyder, then owner of the vessel CLUB MED, is entitled to and has the right to litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C.App. Sections 182-189 in this Court, but claimant specifically reserves the right to deny and contest in this Court all assertions and allegations made by the petitioner in the Complaint for Limitation filed herein.
 

 2. Claimant herein will not seek in an action pending in any state court actions, in which a jury trial has been demanded, any judgment or ruling on the issue of petitioner’s right to limitation of liability; and hereby consents to waive any claim of res judicata relevant to the issue of limitation of liability based on any judgment that may be rendered in said state court action.
 

 3. Claimant herein, while not stipulating to or agreeing to $80,000 as the combined value of petitioner’s interest in the vessel CLUB MED, and her pending freight, hereby stipulate (sic) that in the event there is a judgment or recovery in any state court action in excess of $80,000, whether against petitioner or any other liable parties who may cross
 
 *552
 
 claim or claim over against petitioner, in no event will claimants (sic) herein seek to enforce said excess judgment or recovery insofar as same may expose petitioner to liability in excess of $80,000 pending the adjudication of the Complaint of Limitation of Liability in this Court.
 

 (Stipulation for Single Claimant, Mackler Aff., Ex. E).
 

 The petitioner opposes the motion on three primary grounds: (1) that the federal court has exclusive jurisdiction over all issues arising from the maritime claim; (2) that allowing litigation to proceed in state court will result in duplicative litigation and thus waste judicial resources; and (3) that the stipulations offered by the claimant are inadequate as a matter of law. The petitioner objects that the stipulations are inadequate in three respects: (1) that they are insufficient as to their res
 
 judica-ta
 
 effect; (2) that they ignore the petitioner’s right to exoneration; and (3) that they do not concede thé limitation fund. (Petitioner Brief, passim). Responding to these alleged deficiencies, the claimant has agreed to amend her stipulations with respect to the
 
 res judicata
 
 and exoneration issues. (Claimant Reply, p. 3). Claimant does not agree, however, to waive her right to contest the limitation issue in this court, if necessary, following trial on the merits in state court. (Claimant Reply, p. 6-8).
 

 For the following reasons, the court shall not require the claimant to amend the stipulation either with respect to the
 
 res judicata
 
 issue or as to the value of the vessel or to the relitigation of the petitioner’s exoneration from liability.
 

 III.
 
 DISCUSSION
 

 A. Background of Admiralty Jurisdiction and State Action Injunctions
 

 The instant motion results from the inherent conflict between the exclusive jurisdiction of this court over admiralty and maritime actions and the reservation of rights to claimants in the “savings to suitors” clause as codified in 28 U.S.C. § 1333. Section 1333 provides in relevant part that “[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all eases all other remedies to which they are otherwise entitled.” Because of this statutory conflict, “a shipowner’s guarantee of a federal admiralty forum is tentative at best.”
 
 In re McCarthy Brothers Company/Clark Bridge,
 
 83 F.3d 821, 827 (7th Cir.1996).
 

 Under the jurisdictional authority of Section 1333(1), Congress enacted the Limitation of Liability Act, 46 U.S.C.App. § 181,
 
 et seq.,
 
 an antediluvian statutory scheme designed to encourage investment in the commercial shipping industry by protecting the interests of shipowners.
 
 See Gorman v. Cerasia,
 
 2 F.3d 519, 523 n. 3 (3d Cir.1993) (describing the nascence of the Act). This statutory protection long has been applied equally to pleasure craft.
 
 Id.
 
 (citing
 
 Just v. Chambers,
 
 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941)). The Act affords shipowners facing potential liability for a maritime accident the opportunity to be exonerated from liability or, if the facts do not support exoneration, to limit the liability for the accident to the value of the vessel involved in the accident. 46 U.S.C.App. § 183(a). The Act further authorizes the district court to stay any related state court proceedings against the owner, upon the owner’s deposit of a bond with the court equivalent to the value of the vessel, and require all interested parties to join in the federal action or be barred from suit against the owner. 46 U.S.C.App. § 185;
 
 see also
 
 Fed.R.Civ.P. Supplemental Rule F.
 

 Because of the Limitation of Liability Act, the jurisdictional conflict codified in section 1333(1) significantly impacts those injured in maritime accidents. Most notably, because admiralty actions are limited to bench trials, claimants lose their right
 
 *553
 
 to a jury trial on common-law remedies when compelled to bring their action in federal court under the Act.
 
 Waring v. Clarke,
 
 46 U.S. (5 How.) 441, 458-60, 12 L.Ed. 226 (1847);
 
 In re Consolidation Coal Company,
 
 123 F.3d 126, 132 (3d Cir.1997). The existence of the conflict and the significance of the rights at stake moved the Supreme Court long ago to establish a doctrine of abstention, allowing federal courts to exercise discretion when enjoining state actions or permitting their continuance.
 
 Langnes v. Green,
 
 282 U.S. 531, 541-42, 51 S.Ct. 243, 75 L.Ed. 520 (1981);
 
 see also Ex parte Green,
 
 286 U.S. 437, 438-40, 52 S.Ct. 602, 76 L.Ed. 1212 (1932). Specifically,
 
 Langnes
 
 directed that where there is only one claimant, and that claimant seeks a recovery greater than the value of the vessel,
 
 [2]
 
 then the federal court should exercise its discretion and
 

 dissolve the restraining order so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but (since it must be assumed that respondent’s motion was not an idle gesture but was made with full appreciation of the state court’s entire lack of admiralty jurisdiction) the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court, or the case otherwise assume such form in that court as to bring it within the exclusive power of a court of admiralty.
 

 282 U.S. at 541.
 
 See also Gorman,
 
 2 F.3d at 524-25.
 

 Under
 
 Langnes
 
 and its progeny, the Third Circuit has affirmed the dissolution of the state action stay where a claimant has offered certain stipulations.
 
 In re Consolidation Coal Company,
 
 123 F.3d 126, 132-34 (3d Cir.1997);
 
 Gorman,
 
 2 F.3d at 524-25. The precise parameters of the stipulations, however, remain undecided in this circuit. In the Third Circuit’s most recent pronouncement, the claimant’s stipulations must, at the very least, “waive any claim of res judicata based on the state court judgment and concede the shipowner’s right to litigate all limitation issues in federal court.”
 
 In re Consolidation Coal Company,
 
 123 F.3d at 132 (citing
 
 Gorman,
 
 2 F.3d at 524-25). Following entry of the necessary stipulations, the district court would lift the stay and permit the state court action to proceed, retaining jurisdiction over any limitation of liability issues.
 
 Id.
 

 B. Adequacy of Claimant Stipulations
 

 1. Liability and Exoneration
 

 The Act provides that when an admiralty loss occurs “without the privity or knowledge of [the ship]owner,” liability of such shipowner “shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.” 46 U.S.C.App. § 183(a). Consequently, there are three aspects to a federal court admiralty limitation of liability action. A federal court sitting in admiralty, must first determine “whether there was negligence; [second] if there was negligence, whether it was without the privity and knowledge of the owner; and [finally] if limitation is granted, how the [limitation] fund should be distributed.”
 
 In re Consolidation Coal Company,
 
 123 F.3d at 132 (alteration in original) (citations omitted). The privity and fund findings are considered strictly limitation issues, while the negligence finding is considered an exoneration issue.
 
 Id.
 

 The petitioner contends that prior to a court lifting the stay of state court proceedings, the claimant must stipulate that the vessel owner will have the opportunity to litigate both the limitation and the exoneration issue. (Petitioner’s Brief at 6). In
 
 *554
 
 support of this contention, the petitioner relies on several cases from the Eastern District of Louisiana.
 
 (See id.).
 

 Although the Third Circuit has not yet decided this issue, in
 
 Consolidation Coal
 
 dicta, the court commented in depth on the relative strength of the petitioner’s argument. 123 F.3d at 132-134. There, the court noted that “the shipowner’s right to litigate all limitation issues in federal court ‘has been accepted by federal courts for over half a century and is now beyond dispute.’ ”
 
 Id.
 
 at 133 (quoting
 
 Langnes,
 
 282 U.S. at 534-35). Significantly, the court opined that
 

 The Seventh Amendment is inapplicable in such a situation because the finding on the owner’s privity and knowledge, which is critical on the limitation issue, is separate from the liability determination made by the state court.
 

 Id.
 
 The court then stated that “[t]he law is less clear on whether a shipowner has the right to litigate the issue of exoneration in federal court without regard to the findings in the state court, as the exoneration issue mirrors the liability determination that the state court makes.”
 
 Id.
 
 Because the district court accepted the claimant’s offer to stipulate to a
 
 de novo
 
 review of both liability and exoneration, the court did not decide the issue. The court concluded with the following caveat:
 

 We [ ] need not decide whether a claimant in a limitation action must waive the res judicata effect of the state court proceedings as to both limitation and exoneration issues in order to proceed in state court under the saving to suitors clause. We do indicate, however, that we have serious doubts that the claimant must do so; thus the district courts should not read this opinion as approving implicitly a requirement that the stipulation waiving the res judicata effect of the state court action must include liability issues.
 

 Id.
 
 at 133-34. The
 
 Consolidation Coal
 
 case referenced a case from the Seventh Circuit that this court considers to have applied a reasonable, just and efficient solution. In
 
 In re McCarthy Brothers Company/Clark Bridge,
 
 83 F.3d 821 (7th Cir.1996), the Seventh Circuit addressed just the issue before this court. Relying upon the Supreme Court’s
 
 Langnes
 
 decision, the court noted that “Admiralty procedures contemplate that the district court will permit the Lability determination to be made prior to the limitation action; as
 
 Langnes
 
 states, the district court only retains jurisdiction for the possibility that the right of the shipowner to limit his LabiLty comes into question.” 83 F.3d at 833. Consequently, the court vacated the district court’s limitations findings as premature.
 
 Id.
 

 The petitioner urges this court to adopt the Fifth Circuit’s procedure, arguing that “[t]he exclusive jurisdiction of the federal courts would be invaded if the vessel paid a state court judgment, but was later ‘exonerated’ in the federal Lmitation proceeding.” (Petitioner’s Brief at 6 (citing
 
 In the Matter of Falcon Drilling Company, Inc.,
 
 1996 WL 240005 at *2 (E.D.La.1996))).
 
 Consolidation Coal
 
 also referenced the Fifth Circuit position “that notwithstanding the inherent redundancy in having overlapping state and federal court proceedings, claimant stipulations can protect both ‘the shipowner’s right to limit LabiLty and [to] litigate the issue of exoneration in federal court ...’” 123 F.3d at 133 (citing
 
 Texaco v. Williams,
 
 47 F.3d 765, 769 (5th Cir.1995)). This position of the Fifth Circuit is reflected in the Eastern District of Louisiana cases cited by the petitioner.
 

 This court considers the Seventh Circuit’s
 
 McCarthy
 
 decision the appropriate course in the instant matter. In addition to the fact that the exoneration and Lmitation issues are neatly divided,
 
 McCarthy,
 
 83 F.3d at 832, as recognized in
 
 Langnes,
 
 state courts have concurrent jurisdiction over the LabiLty issues.
 
 Langnes,
 
 282 U.S. at 540-41, 51 S.Ct. 243. Indeed, but for the defendant’s invocation of the Limitation of Liability Act, the state
 
 *555
 
 court is “competent to entertain a claim of the shipowner for a limitation of liability and afford him appropriate relief under the statue dealing with that subject.”
 
 Id.
 
 Consequently, the claimant need not stipulate that she will waive any
 
 res judicata
 
 effect of the liability or exoneration determination, and the court finds this aspect of the stipulations adequate.
 

 2. Value of the Vessel
 

 The petitioner further contends that, although the Third Circuit has not yet decided that the claimant must stipulate to the value of the vessel, the circuit will adopt this requirement along with the other stipulations. (Petitioner’s Brief at 6 (citing
 
 Gorman v. Cerasia, 2
 
 F.3d 519, 525 (3d Cir.1993))).
 

 Discussion by the courts of the stipulation concerning valuation of the vessel and its freight derives from a reference to this as a required stipulation in the preeminent treatise on admiralty law, Grant Gilmore and Charles L. Black, Jr.’s The Law of Admiralty § 10-19, at 871 (2d ed.1975). The Third Circuit has not, however, commented favorably upon this additional stipulation. To the contrary, in
 
 Gorman,
 
 the court noted in a footnote: “A third stipulation identified by Gilmore and Black, that the claimant concede the accuracy of the shipowner’s assertions as to value of the vessel, has not been widely adopted by the courts of appeals.”
 
 Gorman, 2
 
 F.3d at 525, n. 6 (citing
 
 In re Two “R” Drilling Co.,
 
 943 F.2d 576, 578 (5th Cir.1991) (holding that stipulation is adequate if it concedes that issue of vessel’s value will be litigated exclusively before the admiralty court)).
 
 [3]
 

 Gorman
 
 did not decide this issue as the claimant stipulated to the petitioner’s valuation of the vessel. Several other circuits have similarly rejected this third stipulation.
 
 See, e.g., In re McCarthy,
 
 83 F.3d at 832;
 
 In re Complaint of Midland Enterprises, Inc.,
 
 886 F.2d 812, 816-818 (6th Cir.1989).
 

 The Sixth and Seventh Circuits have found that because the Supplemental Rules of the Federal Rules of Civil Procedure, enacted in 1966, provide an explicit procedure whereby a claimant may challenge the petitioner’s valuation, this stipulation has been rendered superfluous.
 
 See In re McCarthy,
 
 83 F.3d at 832;
 
 Midland Enterprises,
 
 886 F.2d at 816-818. Supplemental Rule F(7) provides that a claimant may demand that the funds deposited as security by the petitioner be increased, and invoke the court’s authority to conduct an independent appraisal of the vessel and its freight. This rule explicitly condones the claimant’s right to contest the petitioner’s valuation and provides a procedure whereby the claimant may exercise that right. Thus, the only question remaining is when that right must be exercised.
 

 The supplemental rule does not include a time limitation by which such an application must be made. The Sixth Circuit, noting this procedural lacuna, permitted the district court to arrange its own docket.
 
 Midland Enterprises,
 
 886 F.2d at 817. The circuit, however, did require the claimant “to either file an F(7) motion forthwith challenging the value or concede the value placed on the vessel and its freight by Midland.” The court held that “[i]f either one of these procedures is followed, the state court action may proceed. We want to make it clear, however, that if an F(7) motion is filed, we are not requiring that the state court action be stayed pending the resolution of the F(7) motion. Although we think it would be of value to both parties to know as soon as possible just what the monetary limit of liability will be, we leave the scheduling details to the good judgment of the district judge.”
 
 Id.
 

 
 *556
 
 This court agrees with the proposition that an early valuation of the vessel may be desirable, at the very least for purposes of enhancing settlement negotiations. Nevertheless, this court will not require the claimant to file a motion under Supplemental Rule F(7) at this time. Such an appraisal at this time may be an exercise in futility. The matter may never return to the federal court: the petitioner may prevail in the state court, or the claimant may recover less than the petitioner’s stated value of the vessel. Thus, the more reasoned approach is to permit the claimant to proceed in the state court and, upon á finding of liability in excess of the petitioner’s limitation fund, the claimant may return to federal court to litigate the limitation issues, assuming the claimant still wishes to contest the limitation.
 
 [4]
 

 C. Judicial Efficiency
 

 Finally, the petitioner asserts that lifting the stay and permitting a claim to proceed in state court with all three Gilmore and Black stipulations conceded, only to re-litigate the liability issues in federal court, confounds judicial economy. (Petitioner^ Brief at 7-9). This court’s finding that the claimant need not waive the
 
 res judicata
 
 effect of the state court liability determination renders this argument moot.
 

 IY.
 
 CONCLUSION
 

 Because the Third Circuit has not yet had the occasion to decide the full extent of necessary claimant stipulations, actions subject to the Limitation of Liability Act wallow in a procedural quagmire. As discussed
 
 supra,
 
 this court finds that only two stipulations are necessary: (1) that the claimant waive any
 
 res judicata
 
 relevant to the issue of limitation of liability from a state court, and (2) concede the shipowner’s right to litigate all limitation issues, as opposed to exoneration or liability issues, before the federal court. The court does not adopt the alternative stipulations urged by the petitioner: (1) that the claimant waive any
 
 res judicata
 
 relevant to the issue of liability, that is exoneration, or (2) that the claimant stipulate to the precise value of the vessel prior to lifting the stay.
 

 Finally, the practical effect of the stipulations required by this court dovetail neatly into the Seventh Circuit’s pragmatic procedural posture, under which the claim would progress along the following path:
 

 If the shipowner either (1) wins in the state court or (2) loses, but only in an amount less than the value of his ship and its cargo, then the need for further proceedings in federal court is obviated. If the shipowner is found liable for more than the value of his ship and its cargo in the state action, further proceedings in the federal limitation action may be necessary, but only where the claimant contests the limitation.
 

 In re McCarthy Brothers,
 
 83 F.3d at 828. Here, even though the parties have not stipulated to the value of the vessel, the defendant, through his
 
 ad interim
 
 stipulation filed pursuant to Fed.R.Civ.P. Supp. R. F(1), has bound himself to at least an $80,000 value. Thus, if the recovery in the state court is less than $80,000, the parties need not return to federal court. If the claimant recovers more than $80,000, and persists in contesting the limitation, then the parties shall return to federal court for a determination on the limitation issues and the claimant shall file a motion in accordance with Supplemental Rule F(7), Fed.R.Civ.P., within ten (10) days of the filing of the petition to reopen the matter. The attached order shall be entered.
 

 ORDER
 

 This matter having been brought before the court upon the motion of Michael J.
 
 *557
 
 Mackler, Esquire, counsel for the Claimant/Respondent Celeste Smith, for relief from the order of this court staying the claimant’s state court action pursuant to the Limitation of Liability Act, 46 U.S.C. § 181,
 
 et seq.
 
 (“the Act”); and the court having considered the submissions of the parties; and for the reasons noted in the opinion filed this date; and for good cause shown;
 

 IT IS this
 
 27th
 
 day of March 2000 hereby
 

 ORDERED
 
 that the claimant’s motion for relief
 
 from
 
 the stay pursuant to 28 U.S.C. § 1333 shall
 
 be GRANTED;
 
 and
 

 IT IS FURTHER
 
 ORDERED
 
 that the above-referenced action shall be administratively terminated, subject to reopening upon application by either party to protect either party’s rights under the Limitation of Liability Act, 46 U.S.C.App. § 181,
 
 et seq.;
 
 and
 

 IT IS FURTHER
 
 ORDERED
 
 that should the matter be reopened in accordance with the above paragraph, the claimant shall file a motion under Supplemental Rule F(7), Fed.R.Civ.P., within ten (10) days of the reopening of the case in federal court.
 

 [1]
 

 . The parties in this action have consented to trial before the undersigned in accordance with 28 U.S.C. § 636(c).
 

 [2]
 

 . Where a "single claimant’s claim is for less than the value of the vessel and its freight, a limitation proceeding is not needed.”
 
 In re Consolidation Coal Company,
 
 123 F.3d at 132 n. 3.
 

 [3]
 

 . The Gilmore and Black reference merits even less weight in light of the fact that it relied primarily upon Second Circuit jurisprudence which then included the valuation stipulation. However, the Second Circuit has since disavowed this jurisprudence, and, indeed, the correctness of the Gilmore and Black standard.
 
 See In Matter of Dammers & Vanderheide,
 
 836 F.2d 750, 758 n. 7 (2d Cir.1988).
 

 [4]
 

 . The court further notes the general rule that federal statutes and rules should be harmonized where possible. See
 
 United States v. Gustin-Bacon Division, Certainteed Products Corporation,
 
 426 F.2d 539, 542 (10th Cir.1970). Allowing the claimant to utilize the Supplemental Rule's provisions is consistent with the Act’s purpose and the claimant's rights under the savings to suitors clause.